J-A20002-16

2016 PA Super 292

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| STEVEN SUNEALITIS | |
| Appellant | No. 1409 WDA 2015 |

Appeal from the Judgment of Sentence July 13, 2015
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-CR-0000713-2013

BEFORE:  BOWES, STABILE AND MUSMANNO, JJ.

OPINION BY BOWES, J.:                    **FILED DECEMBER 19, 2016**

This appeal comes to us following resentencing conducted pursuant to our May 8, 2015 decision vacating and remanding for that purpose.  In our prior decision, we *sua sponte* vacated judgment of sentence, finding that Appellant's mandatory minimum sentence, imposed pursuant to 18 Pa.C.S. § 7508, was illegal.  **Commonwealth v. Sunealitis**, 122 A.3d 444, 2015 WL 7095181 (Pa.Super. 2015) (unpublished memorandum).  On remand, the trial court calculated Appellant's offense gravity score as eleven, finding that Appellant manufactured more than 100 grams of methamphetamine pursuant to 18 Pa.C.S. § 7508 and resentenced him to six to twelve years incarceration.  Since the trial court and both parties continue to interpret an infirm statute, we affirm on an alternative ground.

Preliminarily, we note that, on remand, we directed the trial court to resentence Appellant without application of the mandatory minimum. The trial court, however, calculated the offense gravity score by applying language in that statute. The trial court and the parties have overlooked the fact that the Sentencing Guidelines delineates the method by which a court must calculate the offense gravity score when determining the amount of drugs involved.

> (e) Violations of The Controlled Substance, Drug, Device and Cosmetic Act (35 P.S. §§ 780-101--780-144). If any mixture or compound contains any detectable amount of a controlled substance, the entire amount of the mixture or compound shall be deemed to be composed of the controlled substance.

204 Pa.Code. § 303.3(e).

The facts are straightforward. On May 13, 2013, Pennsylvania Board of Probation and Parole Agent James Shuttleworth visited Appellant's residence to perform a urine test. N.T. Jury Trial Vol. I, 12/27/14, at 43-45. Appellant told him not to bother as he had recently ingested methamphetamine. A small amount of methamphetamine (0.05 grams) was recovered from the residence. Agent Shuttleworth's search yielded numerous items associated with small-scale methamphetamine manufacture. Appellant admitted to the agent that he manufactured methamphetamine in the residence. *Id*. at 53.

Members of the Pennsylvania State Police Clandestine Lab Response Team executed a search warrant at Appellant's residence. *Id*. at 72, 92.

- 2 -

Among other items, the search team recovered a Gatorade bottle containing liquid waste byproduct generated by the manufacture of methamphetamine. This byproduct included trace amounts of that drug in the amount of five-hundredths of a gram. Appellant was subsequently charged with manufacture of methamphetamine according to 35 P.S. § 780-113(a)(30). He was additionally charged with the crimes of illegal dumping of methamphetamine waste, possession of a controlled substance, and possession of drug paraphernalia.

On June 17, 2013, the United States Supreme Court issued **Alleyne v. United States**, 133 S. Ct. 2151 (2013), which held that any fact, other than a prior conviction, that increases a mandatory minimum sentence is an element of the crime that must be submitted to the jury. On December 17, 2013, in an attempt to comply with **Alleyne**, the Commonwealth filed a motion to amend the manufacturing count in the information to allege an additional fact in anticipation of its intent to seek a mandatory minimum sentence pursuant to 18 Pa.C.S. § 7508. The proposed language read: "the aggregate weight of the compound or mixture containing the substance involved is at least 100 grams." That language tracked the mandatory sentencing statute, which states in pertinent part:

> (4) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance is methamphetamine or phencyclidine or is a salt, isomer or salt of an isomer of methamphetamine or phencyclidine or is a mixture

containing methamphetamine or phencyclidine, containing a salt of methamphetamine or phencyclidine, containing an isomer of methamphetamine or phencyclidine, containing a salt of an isomer of methamphetamine or phencyclidine shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

. . .

> (iii) **when the aggregate weight of the compound or mixture containing the substance involved is at least 100 grams**; five years in prison and a fine of $50,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: eight years in prison and $50,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity.

18 Pa.C.S. § 7508(a)(4)(iii). The trial court granted the motion to amend on January 13, 2014.

The jury trial commenced January 27, 2014. The contents of the Gatorade bottle became a significant issue. The waste byproduct contents in the bottle weighed approximately 288 grams. The Commonwealth argued that this fact alone permitted a finding beyond a reasonable doubt that the aggregate weight of the compound or mixture containing the substance exceeded 100 grams, due to the trace amount of detectable methamphetamine. The Commonwealth's expert conceded that byproduct always results from manufacturing methamphetamine, and that trace amounts would always be present in the byproduct. Furthermore, only sophisticated lab equipment could filter out the trace amounts. The expert

testified that all of the materials discovered in Appellant's residence, including the items that generated the waste product, would yield 5.76 grams of methamphetamine.

The verdict form asked the jury to determine the weight of methamphetamine involved in the event it found Appellant guilty of manufacturing. The jury was given four options, corresponding to the provisions of 18 Pa.C.S. § 7508(a)(4)(i)-(iii): Less than five grams, between five and ten grams, ten grams to one hundred grams, and over one hundred grams. The jury rendered a verdict of guilty at all counts, and selected the fourth option.

On March 13, 2014, the trial court imposed an aggregate judgment of sentence of eight to sixteen years incarceration, including the then-applicable mandatory minimum sentence. Since the mandatory sentencing statute expressly stated that "Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided herein," 18 Pa.C.S. § 7508(c), the trial court did not calculate an offense gravity score for manufacturing methamphetamine.

Appellant lodged an appeal with this Court, raising a suppression issue as well as a claim that the trial court erred in accepting the guilty verdict despite insufficient evidence concerning the weight of the controlled substances. We found no merit to the suppression motion, but *sua sponte* addressed application of the mandatory sentence. We determined that the

- 5 -

fact-finding procedure employed resulted in an illegal sentence, relying upon

*Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super. 2014) (*en banc*), and

*Commonwealth v. Valentine*, 101 A.3d 801 (Pa.Super. 2014). While the jury found the facts triggering the mandatory minimum sentence beyond a reasonable doubt, *i.e.*, that the mixture containing the substance was over 100 grams, we held that the trial court had no authority to submit that issue to the jury since the unconstitutional provisions of the statute—those permitting the facts to be found by the trial judge by a preponderance of the evidence—were not severable. "[T]he statutes are therefore **unconstitutional as a whole**." *Valentine*, *supra* at 812 (emphasis added).[1]

In the present case, we thus remanded "with instructions to resentence Appellant without consideration of the mandatory minimum sentence at Section 7508(a)(4)(iii), consistent with this memorandum." Due to that resolution, we did "not consider Appellant's two remaining issues, challenging the application of Section 7508(a)(4)(iii) based on the weight of the methamphetamine being over 100 grams."

---

[1] Our Supreme Court subsequently adopted the rationale of these decisions. *See Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015) and *Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016).

On July 13, 2015, the trial court resentenced Appellant to six to twelve years incarceration at the count of manufacturing methamphetamine.[2] The court calculated the offense gravity score for that charge as eleven. The Offense Listing section of the Sentencing Guidelines, codified at 204 Pa.Code. § 303.15, assigns that offense gravity score to a conviction for 35 P.S. § 780-113(a)(30) when the amount of methamphetamine was between 100 and 1000 grams. A prior record score of five combined with an offense gravity score of eleven yields a recommended standard range sentence of seventy-two to ninety months of incarceration. Thus, Appellant received a sentence at the bottom of the standard range.

Appellant filed a timely post-sentence motion, averring that the trial court erroneously included the contents of the Gatorade bottle in its calculations of the 100 grams and therefore incorrectly calculated the offense gravity score. At a hearing on the post-sentence motion, the trial court expressed its belief that the issue of the weight was the same as the issue briefed during the first appeal; *i.e*, an interpretation of the language contained in 18 Pa.C.S. § 7508(a)(4)(iii).

---

[2] Appellant received a concurrent period of two to four years of incarceration at illegal dumping of methamphetamine waste, and one year of probation at the possession of drug paraphernalia. Simple possession merged with the manufacturing methamphetamine. The sentences for these crimes are not challenged.

[Appellant]: Your Honor, this is a post sentence motion for reconsideration of sentence. I know it was discussed at [Appellant]'s re-sentencing, an objection was made. This is kind of just a continuation of the same thing we've been dealing with.

The motion primarily speaks for itself. We're just preserving the record and intend to take it up again on appeal.

THE COURT: **Well, it's the same issue that we were hoping was going to be decided by the [S]uperior [C]ourt the last time, but it wasn't.** The record's the same. I think I've already written an opinion.

N.T. Motion for Reconsideration of Sentence, 8/11/15, at 2 (emphasis added). On August 13, 2015, the court denied the motion, stating it was denied "for the same reason [it] was previously denied." Order, 8/13/15, at 1. Thus, while the trial court appropriately sentenced Appellant without application of the mandatory minimum, it nevertheless determined that Appellant possessed over 100 grams of methamphetamine based on the language contained within the mandatory minimum statute.

On September 3, 2015, Appellant filed a timely notice of appeal. The trial court did not submit a new written opinion, instead issuing an order on November 4, 2015, adopting the opinion filed in the first appeal, which interpreted 18 Pa.C.S. § 7508(a)(4)(iii). Appellant's brief raises the following issues for our consideration.

I. Whether the [trial c]ourt erred when, during the Appellant's criminal jury trial, it denied the Defense's oral Motion for a directed verdict, given that the Commonwealth did not present evidence to the jury that would allow for a verdict that the aggregate weight of a compound or mixture exceeded 100 grams, on March 11, 2014.

- 8 -

II. Whether the [trial c]ourt erred, on January 28, 2014, by accepting the guilty verdict of the jury despite a lack of sufficiency of evidence presented by the Commonwealth concerning the aggregate weight of a compound or mixture exceeding 100 grams, and subsequently sentenced the Defendant based upon the guilty verdict on March 11, 2014 and on July 13, 2015.

III. Whether the [trial c]ourt erred on July 2, 2014, and again on August 11, 2015, when it denied the Defendant's Post-Sentence Motions for Reconsideration.

Appellant's brief at 7.

We address the two claims attacking the sufficiency of the evidence, which were not addressed during the first appeal, together. Our standard of review is well-settled.

In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to enable the fact finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt. The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Further, the trier of fact is free to believe all, part, or none of the evidence.

***Commonwealth v. Woodard***, 129 A.3d 480, 489–90 (Pa. 2015) (citations omitted). "Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Tejada***, 107 A.3d 788, 722 (Pa.Super. 2015).

At the close of the Commonwealth's case-in-chief, Appellant moved for a directed verdict.

THE COURT: So if I've got this straight, you are asking me to eliminate the jury being able to make a decision that the aggregate weight of the compound or mixture containing the methamphetamine is [a] hundred grams or more?

[APPELLANT]: That's correct.

THE COURT: That's the sole thing that you're asking?

[APPELLANT]: That's correct.

N.T., 1/27/14, at 207-08.

A motion for directed verdict is the same as a motion for judgment of acquittal. "A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge." *Commonwealth v. Emanuel*, 86 A.3d 892, 894 (Pa.Super. 2014) (citation omitted).

No relief is due. Appellant's argument transforms the mandatory minimum sentence weight thresholds into an element of the crime. However, nothing in the statute requires the Commonwealth to prove any amount of weight. The crime at issue states:

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113(a)(30). All parties agreed that the theory in this case implicated only the manufacture alternative. N.T. Jury Trial Transcript Vol.

II, 1/28/14, at 33. The Commonwealth was thus only required to prove that Appellant "manufacture[d] . . . a controlled substance." Appellant's request was limited to preventing the jury from determining the issue of weight, which was relevant only for purposes of sentencing. Weight is simply not an element of the crime itself. Accordingly, the trial court did not err in denying the motion, as the Commonwealth carried its burden and presented sufficient evidence that Appellant manufactured methamphetamine.

Appellant's third issue assails the trial court's denial of his post-sentence motion, in which he challenged the offense gravity score applied to the manufacturing methamphetamine charge. This claim implicates the discretionary aspects of the sentence. As required by Pa.R.A.P. 2119(f), Appellant's brief includes a separate statement of reasons in support of reviewing the discretionary aspects of the sentence. Such a statement is necessary because "there is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa.Super. 2008). An appellant must first satisfy a four-part test to invoke this Court's jurisdiction. We examine

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief [complies with] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

- 11 -

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa.Super. 2013) (citation omitted). The first three requirements have been met.

We also find that Appellant has satisfied the fourth requirement, as an allegation that the trial court inappropriately calculated the offense gravity score raises a substantial question.

> An improper calculation of the offense gravity score affects the outcome of the sentencing recommendations, resulting in an improper recommendation, thereby compromising the fundamental norms which underlie the sentencing process. We thus hold that any misapplication of the Sentencing Guidelines constitutes a challenge to the discretionary aspects of sentence. A claim that the sentencing court misapplied the Guidelines presents a substantial question.

***Commonwealth v. Archer***, 722 A.2d 203, 210–11 (Pa.Super. 1998). Thus, we may address the merits of his claim.

We begin by noting our standard of review. The calculation of the offense gravity score is a matter of statutory interpretation, which raises a question of law. In ***Commonwealth v. Johnson***, 125 A.3d 822 (Pa.Super. 2015), we reviewed the trial court's determination that Johnson was a repeat felon under 204 Pa.Code. § 303.4. ***Id***. at 828. Johnson offered an alternative interpretation of the statutory language. We found this presented a question of law and applied the Statutory Construction Act, 1 Pa.C.S. §§ 1921-1939. ***Id***. at 829. Thus, we shall apply a *de novo* review.

We begin by setting forth the trial court's guideline calculations. We explained in **Commonwealth v. Spenny**, 128 A.3d 234 (Pa.Super. 2015) that

> When sentencing a criminal defendant convicted of a felony and/or misdemeanor, the trial court must consider, inter alia, the sentencing guidelines adopted by the Pennsylvania Commission on Sentencing ("Sentencing Commission"). 42 Pa.C.S.A. § 9721(b); 204 Pa.Code 303.1(a). To determine the guideline sentence for each conviction, the trial court must establish the offense gravity score and . . . . the defendant's prior record score. 204 Pa.Code § 303.2(a).

*Id*. at 242.

Appellant does not dispute that his prior record score was properly calculated as five. At issue is the trial court's calculation of the offense gravity score for manufacturing methamphetamine as eleven. As discussed *supra*, the trial court determined that Appellant possessed over 100 grams of methamphetamine by relying on its interpretation of 18 Pa.C.S. § 7508(a)(4)(iii)'s language, "when the aggregate weight of the compound or mixture containing the substance involved is at least 100 grams."

Appellant avers that the appropriate gravity score is six, which is the applicable score where the amount of methamphetamine is two-and-one-half grams or less. For an offense gravity score of six, the recommended standard range sentence would fall to twenty-one to twenty-seven months. 204 Pa.Code. § 303.16(a). Appellant asserts that the trial court, in calculating the weight as over 100 grams, erroneously included the weight of

the Gatorade bottle's contents. He reaches the two-and-one-half grams result by looking only towards the actual, ingestible methamphetamine discovered.

In reaching this conclusion, Appellant offers a competing interpretation of 18 Pa.C.S. § 7508. Appellant cites to a number of cases applying § 7508 to, *inter alia*, situations where drugs were mixed with cutting agents that served to dilute the end product. He highlights that these decisions illustrate that the policy rationale animating the mixture language in § 7508 is directed only at individuals who dilute the end product and thereby sell more drugs. He maintains that it is illogical to subject Appellant "to the same mandatory standard as a drug dealer who took to the streets with over one hundred grams of the drug." Appellant's brief at 22.

In support of this interpretation, Appellant points to decisions from other jurisdictions that focus on the ultimate marketability of drugs when interpreting similar statutory language. Appellant acknowledges that these decisions are not uniform.

We find that the parties have directed their argument to the wrong statutory language. The mandatory sentencing statute codified at § 7508 should have played no role whatsoever in determining the weight of the methamphetamine. "Because **Alleyne** invalidates material requirements of this statute, and because those provisions are non-severable . . . the statute simply cannot be enforced by the judiciary in any respect."

*Commonwealth v. Wolfe*, 140 A.3d 651, 662 (Pa. 2016). Accordingly, the trial court erred by relying on § 7508 and the attendant language "the aggregate weight of the compound or mixture containing the substance involved."

Having concluded an analysis of the operative phrase in § 7508 is now irrelevant to the calculation of the offense gravity score, the question becomes what language applies. The Sentencing Guidelines provides a clear answer to this question.

> (e) Violations of The Controlled Substance, Drug, Device and Cosmetic Act (35 P.S. §§ 780-101--780-144). **If any mixture** or compound **contains any detectable amount of a controlled substance,** the entire amount of the mixture or compound shall be deemed to be composed of the controlled substance.

204 Pa.Code. § 303.3(e) (emphasis added). Notably, this language explicitly directs the sentencing court to determine whether the mixture contained **any** detectable amount of a controlled substance. The language interpreted by the parties, in contrast, applies where "the aggregate weight of the compound or mixture containing the substance is at least 100 grams." 18 Pa.C.S. § 7508. Thus, any question as to whether the term mixture standing alone should be interpreted, as urged by Appellant, to include some notion of marketability is resolved by § 303.3(e)'s inclusion of "any detectable amount."

- 15 -

To the extent the trial court relied on its interpretation of 18 Pa.C.S. § 7508 and deferred to the jury's factual findings under that language, that reliance was misplaced. Since this question presents a question of law, however, we continue our analysis to determine if the offense gravity score was correctly calculated notwithstanding that error. *Johnson*, *supra*. This is an issue of first impression. We are guided by these precepts:

> In all matters involving statutory interpretation, we apply the Statutory Construction Act, 1 Pa.C.S. §§ 1501 *et seq.*, which directs us to ascertain and effectuate the intent of the General Assembly. 1 Pa.C.S. § 1921(a). To accomplish that goal, we interpret statutory language not in isolation, but with reference to the context in which it appears. *See Consulting Eng'rs Council of Penna. v. State Architects Licensure Bd., 522 Pa. 204, 560 A.2d 1375, 1377 (1989).* A statute's plain language generally provides the best indication of legislative intent. *See, e.g., McGrory v. Dep't of Transp., 591 Pa. 56, 915 A.2d 1155, 1158 (2007); Commonwealth v. Gilmour Mfg. Co., 573 Pa. 143, 822 A.2d 676, 679 (2003); Penna. Fin. Responsibility Assigned Claims Plan v. English,* 541 Pa. 424, 664 A.2d 84, 87 (1995) ("Where the words of a statute are clear and free from ambiguity the legislative intent is to be gleaned from those very words."). **Only where the words of a statute are ambiguous will we resort to other considerations to discern legislative intent**. 1 Pa.C.S. § 1921(c)[.]

*Commonwealth v. Kingston*, 143 A.3d 917, 922 (Pa. 2016) (emphasis added, some citations omitted).

The phrase "any detectable amount of a controlled substance" is clear and free from any ambiguity. Appellant is correct that this language applies equally to an individual possessing with the intent to deliver over 100 grams of methamphetamine and Appellant, who reached the 100 gram threshold

largely through non-consumable waste byproduct. Yet we find that the context of the statute is consistent with that result. From its inception, the now-infirm mandatory sentence statute stated that "Sentencing Guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided herein." *See* Act No. 1988-31, House Bill Number 668. Thus, the "any detectable amount of a controlled substance" language of 204 Pa.Code. § 303.3(e) applies only when a higher mandatory sentence does not otherwise apply. In this respect, the trial court retained its discretion to deviate from the recommended sentencing ranges, as the guidelines, unlike the mandatory sentence provisions, are advisory. *Commonwealth v. Griffin*, 804 A.2d 1, 7–8 (Pa.Super. 2002) (citing *Commonwealth v. Eby*, 784 A.2d 204, 206 (Pa.Super. 2001)). Therefore, we find no ambiguity and do not resort to other considerations to discern legislative intent. 1 Pa.C.S. § 1921(b) ("When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.").[3]

---

[3] While we decline to look beyond the statutory language, we note our disagreement with Appellant's position that this outcome is absurd and irrational. This argument overlooks the fact that the guidelines herein applied to his conviction for manufacturing methamphetamine, not mere possession. As the Commonwealth's expert testified, the cooking process presents a danger of fire, explosion, and other health hazards. N.T.
*(Footnote Continued Next Page)*

Accordingly, the trial court did not err in calculating Appellant's offense gravity score as eleven. We can affirm the trial court's decision if there is any basis to support it. ***Commonwealth v. Reese***, 31 A.3d 708, 727 (Pa.Super. 2011) (*en banc*). Indeed, the aforementioned provision did not merely permit the trial court to consider the contents in the Gatorade bottle as constituting methamphetamine, it required the trial court to do so. "If any mixture . . . contains any detectable amount of a controlled substance, the entire amount of the mixture . . . **shall** be deemed to be composed of the controlled substance." 204 Pa.Code. § 303.3(e) (emphasis added). Herein, there is no dispute that the contents of the Gatorade bottle contained trace amounts of methamphetamine. Appellant's sentencing claim is limited to the calculation of the offense gravity score. Finding no error, we affirm.

Judgment of sentence affirmed.

*(Footnote Continued)* ───────────

1/27/14, at 164. While it is true that Appellant could have disposed of the waste product, that point is irrelevant insofar as its presence demonstrates beyond question that Appellant was engaged in the dangerous process of manufacturing methamphetamine.

Indeed, the General Assembly applies the same offense gravity scores to any violation of 35 P.S. § 780-113(a)(30), whether the case involves possession with intent to deliver, actual delivery, or manufacture. The same disparate treatment charge could be leveled at the fact that the guidelines apply equally to those persons who actually deliver drugs and those who merely *intended* to deliver them. We are unpersuaded that our interpretation leads to absurd outcomes.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:   12/19/2016