J-S60027-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN PAUL CURRIN, | : | |
| | : | |
| Appellant | : | No. 198 WDA 2017 |

Appeal from the PCRA Order January 11, 2017
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000233-2009

BEFORE: OLSON, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY DUBOW, J.: FILED OCTOBER 17, 2017

Appellant, John Paul Currin, appeals pro se from the January 11, 2017 Order entered in the Fayette County Court of Common Pleas dismissing his third Petition filed pursuant to the Post-Conviction Relief Act, ("PCRA"), 42 Pa.C.S. § 9541-9546, as untimely. We affirm.

The relevant facts and procedural history are as follows. On December 16, 2008, Appellant, with the aid of his girlfriend, robbed the Parkville Savings Bank near the Uniontown Mall in Fayette County. When police officers attempted to stop Appellant's truck, he drove erratically in an attempt to get away. The police eventually stopped Appellant's truck with a PIT (precision immobilization technique) maneuver. Rather than obey police commands to surrender himself, however, Appellant tried to escape again by accelerating his truck and colliding with at least one of the police vehicles.

_____

* Former Justice specially assigned to the Superior Court.

The police officers shot Appellant in the hand, at which time he finally surrendered.

On June 3, 2009, Appellant entered an open guilty plea to three counts each of Aggravated Assault and Criminal Conspiracy, and one count each of Robbery, Theft by Unlawful Taking, Receiving Stolen Property, Fleeing or Attempting to Elude Police Officers, and Criminal Mischief.[1] On July 31, 2009, the court sentenced him to a term of 20 to 40 years' incarceration.

On August 19, 2009, Appellant filed a Petition to Modify Sentence. The trial court entered an Order denying Appellant's Motion by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(c) on September 9, 2011. Appellant timely appealed from his Judgment of Sentence and, on August 14, 2012, this Court affirmed. Commonwealth v. Currin, No. 1478 WDA 2011 (Pa. Super. filed Aug. 14, 2012) (unpublished memorandum). Appellant did not file a Petition for Allowance of Appeal with our Supreme Court. His Judgment of Sentence thus, became final on September 13, 2012, when the 30-day period for seeking such discretionary review expired. 42 Pa.C.S. § 9545(b)(3) (judgment of sentence becomes final at the conclusion of direct review or the expiration of time for seeking the review).

---

[1] 18 Pa.C.S. §§ 2702(a)(2), 903, 3701(a)(1)(ii), 3921(a), 3925(a), 3733(a), 3304(a)(5).

Appellant filed a PCRA Petition on July 12, 2013, which the trial court dismissed without a hearing.[2] This Court affirmed on June 18, 2014. Commonwealth v. Currin, No. 1679 WDA 2013 (Pa. Super. filed June 18, 2014) (unpublished memorandum). On April 6, 2015, Appellant filed his second PCRA Petition, which he withdrew on July 29, 2015.

On November 30, 2016, Appellant filed the instant pro se PCRA Petition, his third. On December 8, 2016, the PCRA court filed a Pa.R.Crim.P. 907 Notice advising Appellant of its intent to dismiss his Petition without a hearing as untimely, and providing Appellant 20 days to respond. Appellant did not file a response to the Notice. On January 11, 2017, the PCRA court dismissed Appellant's Petition as untimely. This appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following three issues on appeal:

1. Whether the PCRA court erred when the court determined that [Appellant's] PCRA Petition was untimely?

2. Whether the judge used elicited accounts from [Appellant] related to the robbery as grounds to sentence [Appellant] pursuant to incorrect offense gravity score in advocacy for the Commonwealth, whereas the court imposed a sentence relating to one subsection of the Crimes Code when a different subsection carrying a different penalty was proved beyond a reasonable doubt?

_____

[2] In this Petition, Appellant challenged the effectiveness of his trial counsel, but on grounds other than those he presented in the instant Petition.

- 3 -

3.  Whether the PCRA court erred when the court determined that two consecutive terms of five to ten years['] imprisonment for two counts of Aggravated Assault with Attempt to Cause Serious Bodily Injury on Police Officers pursuant to one Crime Code whereas another subsection of the same Crimes Code that carried a lesser penalty was proven?

Appellant's Brief at 3.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. Commonwealth v. Fears, 86 A.3d 795, 803 (Pa. 2014). Before addressing the merits of Appellant's claims, however, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. No court has jurisdiction to hear an untimely PCRA Petition. Commonwealth v. Hackett, 956 A.2d 978, 983 (Pa. 2008).

A PCRA Petition must be filed within one year of the date the underlying Judgment of Sentence becomes final; a Judgment of Sentence is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S. § 9545(b)(1), (3). However, the PCRA provides exceptions to the timeliness requirement in certain circumstances. See id. at Section 9545(b)(1)(i)-(iii). For a petitioner to avail himself of one of the exceptions, he must file his Petition within 60 days of the date the claim could have been presented. See id. at Section 9545(b)(2).

Appellant's Petition, filed over four years after his Judgment of Sentence became final, is facially untimely.[3] He attempts to invoke our jurisdiction by averring that his claim involves information in the nature of "newly-discovered evidence exception" to the PCRA's time-bar. Appellant's Brief at 6, citing 42 Pa.C.S. § 9545(b)(1)(ii). The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his Petition and could not have learned those facts earlier by the exercise of due diligence. Commonwealth v. Brown, 111 A.3d 171, 176-77 (Pa. Super. 2015).

In support of his claim, Appellant notes that on October 23, 2016, pursuant to a request for discovery, he received information from the Commonwealth establishing that the victim "was clear in her statement" to police that "no threats were made and that she did not fear for her life." Appellant's Brief at 7.

In his Reply Brief, Appellant acknowledges that his defense counsel received the discovery at issue in 2009. See Reply Brief at 2. Moreover, as Appellant reiterates in his Brief, at his plea hearing, he acknowledged to the court that "by his demeanor, he placed the victim in fear of death or serious bodily injury." See Appellant's Brief at 9, quoting N.T. 6/3/09, at 14-15.

---

[3] The period in which Appellant could have filed a timely PCRA Petition ended on September 13, 2013.

Accordingly, the "fact" that he asserts here was known at that time, or could have been discovered with due diligence. Appellant has, thus, failed to meet the timeliness exception.[4] See Brown, supra, at 176-77.

In his second issue, Appellant claims that the court assigned him an incorrect Offense Gravity Score when sentencing him on the Robbery charge, which is a challenge to the discretionary aspects of his sentence. See Commonwealth v. Sunealitis, 153 A.3d 414, 421 (Pa. Super. 2016) (finding improperly calculated offense gravity score raises a substantial question regarding discretionary aspects of sentence). In his last issue, he claims that the Commonwealth mischarged him with Aggravated Assault, 18 Pa.C.S. § 2702(a)(2), because he did not attempt to cause serious bodily injury to state police officers. Appellant's Brief at 8-10. This is, in effect, a challenge to the sufficiency of the evidence supporting the charge to which he entered a guilty plea.

As noted, supra, Appellant's Petition is patently untimely. With respect to his last two issues on appeal, Appellant has not attempted to plead and prove any timeliness exception.[5] See 42 Pa.C.S. § 9545(b)(1)

_____

[4] In her statement, the victim described that Appellant demanded money with "no dye packs" from her, using a "real strong firm voice." Victim's Statement, 12/16/08. The victim did not state, as Appellant claims, that Appellant did not threaten her or that she did not fear for her life. Appellant is essentially attempting to recharacterize the facts to which he pled guilty.
[5] Moreover, each of these claims could have been raised with the trial court or on direct appeal.

(placing the burden on petitioner to prove on of the timeliness exceptions).

Accordingly, we are without jurisdiction to consider Appellant's claims.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/17/2017