J-A25029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JACOB LEE BARNISH | : | |
| | : | |
| Appellant | : | No. 461 MDA 2019 |

Appeal from the Judgment of Sentence Entered February 28, 2019
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s):  CP-31-CR-0000306-2018

BEFORE:  STABILE, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED FEBRUARY 18, 2020**

Jacob Lee Barnish appeals from the judgment of sentence imposed following his jury conviction for flight to avoid apprehension, trial, or punishment.[1] Because we conclude that the evidence was insufficient to sustain the conviction, we reverse.

The evidence at trial was as follows. Trooper Paul Brenneman testified that on May 8, 2018, he and his partner went to a residence to investigate a report of domestic violence. N.T., Trial, 11/20/18, at 30, 31, 32. When they arrived at the scene, Trooper Brenneman encountered Barnish and while interviewing him, Trooper Brenneman "got a radio transmission to contact the barracks via phone as soon as I could." *Id.* at 32. When he called the barracks, Trooper Christopher Bourne told him he was preparing felony charges against

_____

[1] 18 Pa.C.S.A. § 5126(a).

Barnish and asked Trooper Brenneman to arrest him. *Id.* at 32-33. Trooper Brenneman then approached Barnish, "told him he was under arrest, to get down on the ground and place his hands behind his back." *Id.* Instead of complying, Barnish ran, and Trooper Brenneman apprehended him. *Id.* at 33-34.

The trooper preparing the charges, Trooper Bourne, testified that at the time he contacted Trooper Brenneman, "I was filing felony charges against [Barnish][.]" *Id.* at 25. He further stated on cross-examination that at the time Trooper Brenneman arrested Barnish, he had not yet filed any charges:

> Q[Defense Counsel]: At the time that you learned – let me rephrase that. When Trooper Brenneman and Trooper Godissart arrested Mr. Barnish, had you already filed the charges?
>
> A: No.
>
> Q: It was later on?
>
> A: Correct. I was in the process of filing them. So they were filed after he was brought to the barracks.

*Id.*

At the close of the Commonwealth's case, Barnish moved for a directed verdict of acquittal. He argued that the Commonwealth had failed to prove that Barnish had been charged with a crime at the time he fled from Trooper Brenneman. *Id.* at 55. In response, the Commonwealth asked the court to take judicial notice that on the day of the subject incident, Barnish was charged with strangulation and simple assault. *Id.* at 57. However, the Commonwealth did not claim that those charges were filed before the subject

incident occurred. The trial court did not rule on the Commonwealth's request or instruct the jury on judicial notice, and the Commonwealth never re-raised the issue. The trial court denied the motion and the jury returned a guilty verdict. The trial court imposed a sentence of 10 to 23 months' incarceration and this timely appeal followed.

Barnish asks us to review the following issues:

I.     Should the trial court have entered a directed verdict of acquittal, given that the evidence adduced at trial failed to demonstrate that Mr. Barnish was charged with a crime at the time of the incident?

II.    Did the trial court's instructions mislead the jury regarding the elements of flight to avoid apprehension?

Barnish's Br. at 3. Because of our disposition in this case, we only address Barnish's first issue.

When reviewing a challenge to the sufficiency of the evidence, we ask "whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to enable the fact finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt." **Commonwealth v. Sunealitis**, 153 A.3d 414, 419 (Pa.Super. 2016) (quoting **Commonwealth v. Woodard**, 129 A.3d 480, 489-90 (Pa. 2015)). Our standard of review is *de novo* and our scope of review is plenary. **Id.**

The offense of flight to avoid apprehension provides as follows:

> A person who willfully conceals himself or moves or travels within or outside this Commonwealth with the intent to avoid apprehension, trial or punishment commits a felony of the third degree when the crime which he **has been charged** with or has been convicted of is a felony and commits a misdemeanor of the second degree when the crime which he has been charged with or has been convicted of is a misdemeanor.

18 Pa.C.S.A. § 5126(a) (emphasis added).

Barnish asserts that "[u]nless a person has already been charged with or convicted of a crime, he or she cannot be convicted of flight to avoid apprehension." Barnish's Br. at 7. In support, he cites **Commonwealth v. Phillips**, 129 A.3d 513, 518 (Pa.Super. 2015). There, we addressed the issue Barnish presents: "whether the crime of flight to avoid apprehension "applies to a person who has not yet been charged with a crime when he flees from law enforcement." **Phillips**, 129 A.3d at 516. Phillips fled from police after committing a series of crimes. However, at the time that he fled, no charges were pending. We concluded that the language of the statute unambiguously required that at the time of flight, "a person have been charged with a crime." **Id.** at 518. We therefore reversed the judgment of sentence, explaining that "the Commonwealth did not prove that [Phillips] **had been charged with a crime when he fled**[.]" **Id.** at 519 (emphasis added).

Here, the Commonwealth argues that the evidence was sufficient because "[b]ased on the evidence adduced at trial, it is reasonable for those on scene to believe that Barnish had been charged for the incident Trooper Bourne had investigated." Commonwealth's Br. at 8. It refers to the "evidence

at trial when defense counsel used the word "charges" during his cross examination of Troopers Bourne and Brenneman. *Id.* at 7.

We disagree. In this case, as in **Phillips**, the Commonwealth did not prove that Barnish had already been charged with a crime when he fled. The evidence at trial, even in the light most favorable to the Commonwealth, shows that Barnish was not charged until "after he was brought to the barracks." N.T., Trial at 25. While the Commonwealth asked the court to take judicial notice of other charges allegedly instituted on the day in question, the court did not explicitly grant the request or do anything indicating it had, in effect, granted it. Nor did the Commonwealth take any other steps to place evidence on the record that felony charges were pending at the time Barnish ran from Trooper Brenneman. Moreover, the Commonwealth did not even ask the court to take judicial notice that charges were allegedly pending at the time Barnish fled.

The Commonwealth's assertion that the troopers reasonably believed Barnish had already been charged when he fled, like the trial court's assertion that "[Barnish] knew he was under arrest when he ran from police," is beside the point. Trial Court Opinion, filed 5/8/19, at 3. The statute requires the Commonwealth to prove that at the time the defendant flees law enforcement, the defendant "has been charged with" a crime, and it failed to do so here. 18 Pa.C.S.A. § 5126(a); **Phillips**, 129 A.3d at 519. We therefore reverse Barnish's judgment of sentence.

Judgment of sentence reversed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>02/18/2020</u>