J-S34020-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT JOHN PARKS | : | |
| | : | |
| Appellant | : | No. 62 MDA 2020 |

Appeal from the Judgment of Sentence Entered September 18, 2019
In the Court of Common Pleas of Susquehanna County Criminal Division
at No(s): CP-58-CR-0000492-2018

BEFORE: PANELLA, P.J., BENDER, P.J.E., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:              **FILED SEPTEMBER 09, 2020**

Appellant, Robert John Parks, appeals from the judgment of sentence of 12 months' probation, as well as fines and restitution, imposed after he was convicted of disorderly conduct, 18 Pa.C.S. § 5503(a)(1), and harassment, 18 Pa.C.S. § 2709(a)(1). Appellant challenges the sufficiency of the evidence to sustain his convictions on appeal. After careful review, we affirm.

The trial court summarized the facts and procedural history, as follows:

> On August 26, 2018, [Appellant] was involved in a loud verbal argument and physical altercation with Clarence Davis (hereinafter referred to as Davis) at White's Mobile Home Community. [Appellant] testified that he and his wife were walking around the community when [Appellant] noticed Davis standing outside of a trailer owned by [Appellant]. (N.T., [9/11/19,] at 192.) [Appellant] approached Davis to confront him as to what he was doing near [Appellant's] trailer. (***Id.*** at 194.) [Appellant] and Davis then exchanged obscenities. (***Id.***) [Appellant's] wife attempted to get between [Appellant] and Davis[,] but was squeezed out as the two combatants continued to get closer to each other. (***Id.***)

[Appellant] testified that the parties were so close to each other that he could feel Davis' spittle striking his eyes while they were speaking. (***Id.*** [at 195.]) [Appellant] contended that Davis attempted to "headbutt" [Appellant] and that [Appellant] reacted by striking Davis in the face, knocking him to the ground, and thereafter kicking Davis as he laid on the ground. (***Id.***) In his testimony, Davis indicated that [Appellant] threatened to kill him, "sucker punched" him, and kicked him while he was on the ground. (***Id.*** at 87-92.)

[Appellant] was eventually charged and a criminal information was filed containing the following counts: Count 1: Simple assault (M-2) under 18 Pa.C.S. § 2701(a)(1); Count 2[:] Terroristic Threats (M-1) under 18 Pa.C.S. § 2706(a)(1); Count 3: Disorderly Conduct (M-3) under 18 Pa.C.S. § 5503(a)(1); and Count 4: Harassment (S) under 18 Pa.C.S. § 2709(a)(1). The matter proceeded to a jury trial on September 11, 2019[,] and the jury acquitted [Appellant] on Count 1 (Simple Assault) and Count 2 (Terroristic Threats)[,] and convicted him on Count 3 (Disorderly Conduct). As to the summary harassment (Count 4), the court convicted [Appellant] of that offense. On September 18, 2019, the court sentenced [Appellant] on Count 3 to 12 months of probation and on Count 4 to a fine of $50.00 and restitution to Davis for medical bills in the amount of $382.56. On September 30, 2019, [Appellant] filed a post-sentence motion seeking the following relief: (1) modification of his sentence; (2) motion for judgment of acquittal; (3) motion for arrest of judgment; and (4) motion for a new trial. Oral argument was conducted on December 4, 2019….

Trial Court Opinion, 12/6/19, at 1-2.

On December 6, 2019, the court issued an opinion and order denying

Appellant's post-sentence motion. Appellant filed a timely notice of appeal on

January 6, 2020.[1] He also timely complied with the trial court's order to file

---

[1] Appellant erroneously stated that he was appealing from the December 6, 2019 order denying his post-sentence motion. "In a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." ***Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (citation omitted). We have corrected the caption accordingly.

a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. It does not appear that the trial court issued an opinion as required by Rule 1925(a). Nevertheless, the court sufficiently addressed the issue Appellant raises herein in its opinion accompanying the order denying his post-sentence motion. Therefore, remand is unnecessary. Appellant states one issue for our review: "Did the trial court commit an abuse of discretion and/or reversible error by failing to grant … Appellant's post-sentence motion seeking a judgment of acquittal/directed verdict and arrest of judgment?" Appellant's Brief at 3 (emphasis and unnecessary capitalization omitted).

This Court has explained:

> A motion for directed verdict is the same as a motion for judgment of acquittal. "A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge." *Commonwealth v. Emanuel*, 86 A.3d 892, 894 (Pa. Super. 2014) (citation omitted).

*Commonwealth v. Sunealitis*, 153 A.3d 414, 420 (Pa. Super. 2016).

Additionally,

> [i]n reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to enable the fact finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt. The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Further, the trier of fact is free to believe all, part, or none of the evidence.

*Commonwealth v. Woodard*, 129 A.3d 480, 489–90 (Pa. 2015) (citations omitted). "Whether sufficient evidence exists to support

- 3 -

the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Tejada***, 107 A.3d 788, 722 (Pa. Super. 2015).

*Id.* at 419.

Here, Appellant challenges his convictions for disorderly conduct and harassment. We will first address his argument that the evidence failed to sustain his disorderly conduct conviction under section 5503(a)(3), which states: "A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (1) engages in fighting or threatening, or in violent or tumultuous behavior[.]" 18 Pa.C.S. § 5503(a)(1). Additionally, "the word 'public' means affecting or likely to affect persons in a place to which the public or a substantial group has access; among the places included are highways, transport facilities, schools, prisons, apartment houses, places of business or amusement, any neighborhood, or any premises which are open to the public." 18 Pa.C.S. § 5503(c). Further, Appellant's disorderly conduct offense was graded as a third-degree misdemeanor and, thus, the Commonwealth was required to prove that he intended "to cause substantial harm or serious inconvenience…." 18 Pa.C.S. § 5503(b).

Appellant insists that the Commonwealth failed to meet this burden. He stresses that he "testified that he acted in self-defense while striking [Davis] in this case, and [Davis] testified that he was unsure why … Appellant struck him." Appellant's Brief at 6. Thus, Appellant avers that "[t]he record is

completely devoid of any evidence that [he] acted with the requisite intent that would be required to sustain [his] conviction." *Id.*

We disagree. Initially, the jury was free to reject Appellant's self-defense testimony. *See Sunealitis*, 153 A.3d at 419. Furthermore, Davis testified that Appellant approached him as he exited his girlfriend's mobile home and struck him in his ear with a closed fist. N.T. Trial at 91. When Davis fell to the ground, Appellant began kicking him. *Id.* at 91, 92. Davis asked Appellant's wife to get Appellant off him, "[a]nd [as] she tried to get [Appellant] away, … [Appellant] shoved her" and continued kicking Davis until he was unconscious. *Id.* at 92. We conclude that this testimony was sufficient to prove that Appellant intended to cause substantial harm or serious inconvenience in assaulting Davis.

Additionally, we reject Appellant's argument that the Commonwealth failed to prove that the incident occurred in public. Appellant maintains that the fight took place on private property, and the "only other person present during the altercation was [his] wife." Appellant's Brief at 7. However, the disorderly conduct statute does not require that the public *actually* be inconvenienced, annoyed, or alarmed by the defendant's conduct; it only requires proof that the defendant intended to create such circumstances, or recklessly risked doing so. In this case, Appellant at least recklessly risked that the other residents of the trailer park would be alarmed or annoyed by his fighting with Davis. Moreover, Davis testified that the neighborhood contained 25 to 30 trailers. N.T. at 167. The fact that the trailer park was

open to the residents of those homes, and their invitees, made it "a place to which the public or a substantial group has access[.]" 18 Pa.C.S. § 5503(c); *Commonwealth v. O'Brien*, 939 A.2d 912, 914 (Pa. Super. 2007) (concluding that an altercation on a private road that provides access to a community's residents and their invitees constitutes "a place to which the public or a substantial group, namely the surrounding community's residents and their invitees, have access").

Moreover, although the fight occurred on the front lawn of Davis's girlfriend's residence, the evidence at trial established that the altercation occurred "10 to 15 yards" from a road used by the residents of the neighborhood, and the homes in the community were in close proximity to one another. N.T. at 34. Therefore, the residents of the neighborhood, and their invitees, could have observed the altercation from the surrounding homes, or as they passed by on the roadway, and been alarmed or annoyed thereby. Accordingly, the 'public' element of disorderly conduct was satisfied. *See Commonwealth v. Alpha Epsilon Pi*, 540 A.2d 580, 584 (Pa. Super. 1988) (a fraternity's playing loud music at night, in a private dwelling house with the windows open, such that individuals in the neighborhood could hear it, was sufficient to prove disorderly conduct).

Next, we address Appellant's challenge to the sufficiency of the evidence to sustain his conviction for harassment. "A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person: (1) strikes, shoves, kicks or otherwise subjects the other person to

physical contact, or attempts or threatens to do the same[.]" 18 Pa.C.S. § 2709(a)(1). Appellant cursorily states that his harassment conviction cannot stand because there was no evidence "to prove beyond a reasonable doubt that [he] acted with intent to harass, annoy or alarm another[,] and there is not evidence to prove beyond a reasonable doubt that the other required elements of the harassment offense [were] … prove[n]…." Appellant's Brief at 8. Based on Davis's testimony, discussed *supra*, we conclude that the evidence established that Appellant struck and kicked Davis with the intent to harass, annoy, or alarm him. Therefore, no relief is due.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 09/09/2020