J-S19023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VALERIE MARGARET MESAROS | : | |
| | : | |
| Appellant | : | No. 1226 MDA 2023 |

Appeal from the Judgment of Sentence Entered August 3, 2023
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0000158-2022

BEFORE:   DUBOW, J., BECK, J., and COLINS, J.[*]

MEMORANDUM BY BECK, J.:                    **FILED: JULY 18, 2024**

Valerie Margaret Mesaros ("Mesaros") appeals from the judgment of sentence imposed by the Cumberland County Court of Common Pleas ("trial court") following her guilty plea to ten counts of arson (endangering persons) and one count of arson (inhabited building or structure).[1] On appeal, Mesaros challenges the trial court's use of an offense gravity score ("OGS") of 11 for one of the arson (endangering persons) convictions because no one suffered bodily injury while engaged in fighting the fire and the trial court's finding as to the number of people that were in the structure at the time of the fire. Finding her claims are either waived or meritless, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3301(a)(1)(i), (ii).

On December 30, 2021, Mesaros engaged in a dispute with another person in an apartment building located in New Cumberland Borough, Cumberland County. Mesaros exited the building, and later returned and threw a rock through the window. She then poured flammant or accelerant fluid into the building, struck a match, and threw it inside the broken window, igniting the building. Ten residents were inside the building at that time, including Donald McCommon ("McCommon") and David Staudt ("Staudt").[2] Before firefighters arrived on the scene, Staudt attempted to fight the fire himself and eventually sought assistance from McCommon. Staudt suffered a cut on his leg and burns to his arms while fighting the fire.

On October 14, 2022, Mesaros agreed to enter a guilty plea to the above crimes and the Commonwealth agreed that all ten counts of arson (endangering persons) would run concurrent to each other. The trial court accepted the plea and deferred sentencing. On November 29, 2022, the trial court, utilizing an OGS of 11 for each of the ten counts of arson (endangering persons), sentenced Mesaros to ten concurrent terms of 50 to 100 months in a state correctional facility, as well as a concurrent sentence of 50 to 100 months for one count of arson (inhabited building or occupied structure). The

---

[2] The Notes of Testimony contain inconsistent spellings of David Staudt's last name. **Compare** N.T., 11/29/2022, at 10 ("Stoudt"), **with** N.T., 10/14/2022, at 5 ("Staudt"). The affidavit of probable cause and the parties' briefs identify the spelling at "Staudt." Affidavit of Probable Cause, 11/17/2023; Mesaros' Brief at 7; Commonwealth's Brief at 5. Therefore, we will utilize Staudt in this decision.

trial court also ordered Mesaros to pay restitution in the amount of $500.00 to the property owner and $2,500.00 to Staudt, with a fine of $100.00 at one count of arson (endangering persons).

Mesaros did not file a post-sentence motion or a direct appeal, but on December 27, 2022, she filed a timely pro se petition pursuant to the Post Conviction Relief Act ("PCRA"). The PCRA court appointed counsel, who filed an amended PCRA petition, seeking the reinstatement of her post-sentence and direct appeal rights. Following a hearing on March 13, 2023, the court granted Mesaros' PCRA petition and ordered her to file any post-sentence motion within ten days of the order.

On March 20, 2023, Mesaros filed a timely post-sentence motion, requesting a modification of sentence because the trial court improperly used an OGS of 11 for sentencing purposes on the offense of arson (endangering persons). On August 2, 2023,[3] the trial court held a hearing on the motion, at which the Commonwealth presented testimony from McCommon regarding his encounter with Staudt during the fire. McCommon testified that he saw Staudt exit the front door of the apartment building, bleeding profusely from his leg. McCommon also noticed visible burns on Staudt's hand. The trial

---

[3] The trial court granted Mesaros' motion to extend the time to decide her post-sentence motion beyond 120 days, which moved the deadline to decide the post-sentence motion to August 17, 2023. *See* Trial Court Opinion, 11/17/2023, at 2 n.6; *see also* Pa.R.Crim.P. 720(B)(3) (requiring that post-sentence motions be decided within 120 days, but noting that for good cause, a judge may grant a 30-day extension for a decision on the motion).

court granted Mesaros' post-sentence motion in part, finding that one count of arson (endangering persons) should properly have an OGS of 11, as one person sustained bodily injury while actively fighting the fire, and an OGS of 10 for the remaining nine counts. The trial court resentenced Mesaros to concurrent terms of 50 to 100 months on the one count of arson (endangering persons), 36 to 72 months on the remaining nine counts of arson (endangering persons), and 50 to 100 months for arson (inhabited building or structure), plus the originally ordered restitution and fine. Mesaros timely filed the instant appeal and a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

Mesaros presents the following questions for our review:

1. The Sentencing Court abused its discretion when it sentenced Appellant at Count 1 using an OGS score of 11 in the absence of any evidence in the record to establish that a person suffered bodily injury while engaged in fighting the fire.

2. The Sentencing Court abused its discretion in imposing a sentence at Count 2 based upon more than three (3) people being in the building at the time of the fire when the evidence established that only three people were in the building at the time of the fire.

Mesaros' Brief at 5.

In her first claim, Mesaros argues that the trial court abused its discretion in utilizing an OGS score of 11 because the record evidence did not establish that Staudt suffered bodily injury while fighting the fire. *Id.* at 14. Mesaros contends that the Commonwealth failed to causally link Staudt's

- 4 -

apparent wounds to any activity relating to fighting the fire. *Id.* at 15. She argues that there were no explanations provided for Staudt's injuries and that he "could have suffered the apparent injury in other ways, including from simply fleeing from the fire." *Id.* Mesaros further asserts that the Commonwealth's only witness, McCommon, did not testify that he observed Staudt trying to fight the fire and that the Commonwealth relied upon speculation that, since Staudt was present during the fire, any injuries must have come from fighting the fire. *Id.* Mesaros additionally argues that the Commonwealth elected not to produce Staudt, opting instead to rely on alleged hearsay testimony of McCommon. *Id.* She states that Staudt's victim impact statement, included in the pre-sentence investigation report, did not contain any claim that Staudt was injured while fighting the fire. *Id.* at 16.

A challenge to the OGS implicates the discretionary aspects of sentencing. *Commonwealth v. Sunealitis*, 153 A.3d 414, 420 (Pa. Super. 2016). To invoke this Court's jurisdiction to challenge the discretionary aspects of a sentence, an appellant must satisfy a four-part test:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Rivera*, 312 A.3d 366, 376-77 (Pa. Super. 2024) (citation and brackets omitted).

Here, Mesaros preserved her claim in a post-sentence motion and filed a timely appeal. Further, although Mesaros failed to file a Rule 2119(f) statement, the Commonwealth did not object to this failure. **See Commonwealth v. Kiesel**, 854 A.2d 530, 533 (Pa. Super. 2004) (noting that "when the appellant has not included a Rule 2119(f) statement and the appellee has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate"). Lastly, this Court has held that an "allegation that the trial court inappropriately calculated the offense gravity score raises a substantial question." **Sunealitis**, 153 A.3d at 421. Therefore, we will address Mesaros' sentencing challenge.

Our standard of review when a defendant raises a challenge to the discretionary aspects of sentencing is well established:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Lekka**, 210 A.3d 343, 350 (Pa. Super. 2019) (citation omitted).

The sentencing guidelines state that arson (endangering persons) carries an OGS of 10 when there is a person in the building or bodily injury results. 204 Pa. Code § 303.15. "The Pennsylvania Commission on

Sentencing shall provide for a sentencing enhancement for arson offenses if any of the following factors are present … bodily injury results to a firefighter, police officer or other person actively engaged in fighting the fire[.]" 42 Pa.C.S. § 9720.6. Under this enhancement, an OGS of 11 is applicable. 204 Pa. Code § 303.15.

The record reflects that during the guilty plea colloquy, Mesaros accepted the factual basis for the plea, which included the following: "Staudt attempted to fight the fire with the help of [McCommon] prior to trained firefighters arriving on the scene and in that pursuit suffered burns to his arms and a cut to his leg from broken glass from one of the windowpanes." N.T., 10/14/2022, at 5-6. Further McCommon testified that Staudt requested his aid to fight the fire. N.T., 8/3/2023, at 19. McCommon noted that Staudt was already suffering injuries in his attempt to fight the fire, including a bleeding leg and burns on his hands. *Id.* at 18-19, 20. McCommon and Staudt attempted to fight the fire with a garden hose, but the hose was frozen. *Id.* at 19. Furthermore, in Staudt's written victim impact statement, he states that he suffered severe burns, emotional trauma, nightmares, and severe PTSD from the fire. Victim Impact Statement, 11/17/2023.

This record establishes Staudt suffered bodily injury while actively engaged in fighting the fire. *See* 18 Pa.C.S. § 2301 (defining "bodily injury" as "[i]mpairment of physical condition or substantial pain."). Consequently,

the trial court did not abuse its discretion in utilizing an OGS of 11 when sentencing Mesaros. *See* 42 Pa.C.S. § 9720.6; 204 Pa. Code § 303.15.

In her second claim, Mesaros challenges the enhanced sentencing relating to arson (inhabited building or occupied structure), arguing only three people were in the building at the time of the fire. Mesaros' Brief at 17-18. Mesaros failed to raise this claim in her Rule 1925(b) statement. *See* Rule 1925(b) Statement, 10/5/2023. Therefore, the claim is waived. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [s]tatement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived").[4]

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/18/2024

---

[4] Even if Mesaros had properly preserved the claim, the record establishes that there were more than three occupants in the building at the time of the fire. *See* N.T., 10/14/2022, at 5-6 (Mesaros accepts the factual basis of the plea and admits that ten people were in the building). Therefore, Mesaros does not establish that the trial court abused its discretion. *See* 204 Pa. Code § 303.10 (f)(1)(i).