J-S70036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALBERT TROCHE, JR. | : | |
| | : | |
| Appellant | : | No. 724 MDA 2017 |

Appeal from the PCRA Order April 4, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0002322-2007,
CP-06-CR-0002688-2007

BEFORE: GANTMAN, P.J., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.: **FILED JANUARY 17, 2018**

Albert Troche, Jr., appeals *pro se* from the order entered April 4, 2017, in the Court of Common Pleas of Berks County, that dismissed as untimely his third petition filed pursuant to the Pennsylvania Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546. Troche seeks relief from the judgment of sentence to serve an aggregate term of 12 years and one month to 50 years' imprisonment, imposed on August 19, 2009, after he was found guilty by a jury of one count of delivery of a controlled substance,[1] one count of possession with intent to deliver cocaine,[2] and two counts of possession with

_____

[1] 35 P.S. § 780-113(a)(16)

[2] 35 P.S. § 780-113(a)(30).

intent to deliver marijuana.[3]  Troche presents four claims, which we have distilled to two contentions, namely, (1) that his PCRA petition is timely pursuant to the PCRA's newly discovered facts exception, 42 Pa.C.S. § 9545(b)(1)(ii) and (b)(2), and (2) that he is serving an illegal sentence, and this Court may consider the legality of his sentence in this appeal *sua sponte*. Based upon the following, we affirm on the basis of the PCRA court's opinion.

The facts of this case are fully set out in this Court's decision affirming Troche's judgment of sentence.  **See Commonwealth v. Troche**, 13 A.3d 983 [1512 MDA 2009; 1513 MDA 2009] (Pa. Super. 2010) (unpublished memorandum).  Troche has filed two previous PCRA petitions that were unsuccessful.[4]  **See Commonwealth v. Troche**, 131 A.3d 100 [362 MDA 2015] (Pa. Super. August 21, 2015) (unpublished memorandum), *appeal denied*, 158 A.3d 73 (Pa. September 23, 2016); **Commonwealth v. Troche**, 100 A.3d 295 [1210 MDA 2013] (Pa. Super. March 5, 2014) (unpublished memorandum) and 100 A.3d 296 [1211 MDA 2013] (Pa. Super. March 5, 2014) (unpublished memorandum), *appeal denied*, 101 A.3d 786 (Pa. 2014).

---

[3] 35 P.S. § 780-113(a)(30).

[4] Troche also attempted to file a PCRA petition while his appeal from the dismissal of his first PCRA petition was pending, and this petition was summarily dismissed by the PCRA court on June 9, 2014.

On February 9, 2017, Troche filed the present PCRA petition. On March 7, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss, and the PCRA court dismissed the petition on April 4, 2017. This appeal followed.[5, 6]

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Cox**, 146 A.3d 221, 226 n.9 (Pa. 2016) (citation omitted).

Here, Troche does not dispute that his present PCRA petition, which was filed over five years after the expiration of the time limitation under the PCRA, is facially untimely. **See Commonwealth v. Troche, supra**, 131 A.3d 100 (Pa. Super. 2015) (unpublished memorandum, at 7) ("[Troche's] judgment of sentence became final on [October 14, 2010], and he had one year therefrom, or until October 14, 2011, to file a facially timely PCRA petition."). However, Troche maintains his PCRA petition should be reviewed because he falls within an exception to the PCRA time bar, specifically, the exception for newly discovered facts, 42 Pa.C.S. § 9545(b)(1)(ii).

---

[5] On April 13, 2017, Troche filed a motion for permission to amend "newly discovered fact," which was dismissed by order dated April 20, 2017, as the PCRA petition had already been dismissed.

[6] Troche timely complied with the order of the PCRA court to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. See Troche's Concise Statement, 5/22/2017.

Section 9545(b) provides, in relevant part:

(b) Time for filing petition.

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

…

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)(ii), (iii) and (2).

Here, Troche relies on the "newly discovered facts" of the decisions of *Commonwealth v. Sunealitis*, 153 A.3d 414 (Pa. Super. 2016), and *Commonwealth v. Burton*, 158 A.3d 618 (Pa. 2017). However, it is well settled that "subsequent decisional law does not amount to a new 'fact' under [S]ection 9545(b)(1)(ii)[.]" *Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011). *See also Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013) (rejecting "the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section

9545(b)(1)(ii)"). Therefore, we conclude Troche's petition fails to satisfy the newly discovered facts exception to the PCRA time bar.

We add that **Sunealitis** does not satisfy the exception for a newly-recognized constitutional right that has been held to apply retroactively, 42 Pa.C.S. § 9545(b)(1)(iii), because **Sunealitis** did not establish a newly-recognized constitutional right. Rather, **Sunealitis** involved the application of the United States Supreme Court decision in **Alleyne v. United States**, 570 U.S. 99 (2013),[7] in a direct appeal. Furthermore, with regard to **Alleyne**, our Pennsylvania Supreme Court has held that **Alleyne** does not apply retroactively to cases pending on collateral review. **See Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016). Therefore, Troche's petition does not satisfy Section 9545(b)(1)(iii).

Accordingly, because Troche's petition fails to satisfy any exception to the PCRA time bar, we conclude the petition is untimely and no court has jurisdiction to review the petition.

In his second issue, Troche contends the PCRA court was endowed with the ability to entertain his legality of sentencing claim "*sua sponte*." In

---

[7] In **Alleyne**, the Supreme Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury" and found beyond a reasonable doubt. **Alleyne**, 133 S. Ct. at 2155.

support, Troche cites **Commonwealth v. Vasquez**, 744 A.2d 1280 (Pa. 2000), for the proposition that "trial courts never relinquish jurisdiction to correct an illegal sentence." Troche's Brief, at 17. Troche also seeks review of his legality of sentence claim by this Court, relying upon **Commonwealth v. Orellana**, 86 A.3d 877, 883 n.7 (Pa. Super. 2014) ("We recognize that this Court is endowed with the ability to consider an issue of illegality of sentence *sua sponte.*"). **Vasquez** and **Orellana**, however, involved direct appeals from the judgment of sentence. Instantly, we are dealing with collateral review. As we have already explained, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Troche, supra**, 131 A.3d 100 (Pa. Super. 2015), *citing* **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999). Accordingly, Troche's second claim fails.

Order affirmed.


Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 01/17/2018