J-S68021-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KRISTA MADER | : | |
| | : | |
| Appellant | : | No. 248 WDA 2018 |

Appeal from the Judgment of Sentence November 16, 2017
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0000909-2016

BEFORE: SHOGAN, J., DUBOW, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY DUBOW, J.: FILED FEBRUARY 25, 2019

Appellant, Krista Mader, appeals from the Judgment of Sentence[1] entered in the Cambria County Court of Common Pleas after a jury convicted her of eleven counts of Delivery of a Controlled Substance, one count of Possession with Intent to Deliver ("PWID"), and related offenses after hearing evidence that Appellant was a co-conspirator in a large heroin distribution operation. After careful review, we find that Appellant has waived her challenge to the discretionary aspects of sentencing and, thus, affirm.

A detailed recitation of the factual and procedural history is unnecessary to our disposition. Briefly, on September 22, 2017, a jury convicted Appellant

_____

[1] Appellant purports to appeal from the January 11, 2018 Order granting in part and denying in part her Post-Sentence Motion to Modify Sentence. We have corrected the caption to reflect that Appellant's appeal properly lies from the judgment of sentence entered on November 16, 2017. See Commonwealth v. Dreves, 839 A.2d 1122, 1125 n. 1 (Pa. Super. 2003) (en banc) (explaining appeal properly lies from judgment of sentence).

_____

* Former Justice specially assigned to the Superior Court.

of the aforementioned offenses. On November 16, 2017, the trial court sentenced Appellant to an aggregate sentence of eighteen to forty years' incarceration. Appellant filed a timely Post-Sentence Motion to Modify Sentence, which the trial court granted in part. On January 11, 2018, the trial court reduced Appellant's sentence for PWID and sentenced Appellant within the sentencing guidelines to a new aggregate sentence of fourteen to forty years' incarceration.

Appellant filed a timely Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[2]

Appellant raises the following issue on appeal: "Whether [Appellant]'s sentence was incorrect based upon the alleged amounts in grams of drugs delivered?" Appellant's Brief at 4. Appellant avers that the trial court based the offense gravity score, and resulting guideline sentences, on speculative evidence that Appellant delivered over 1000 grams of heroin when the evidence proved that Appellant delivered less than 100 grams of heroin. Id. at 7-8.

Any allegation that the court misapplied the sentencing guidelines by using an improper calculation of the offense gravity score constitutes a challenge to the discretionary aspects of sentencing. Commonwealth v. Sunealitis, 153 A.3d 414, 421 (Pa. Super. 2016). Challenges to the

_____

[2] The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) Statement of Errors Complained of on Appeal and, in its 1925(b) Opinion, states that it received Appellant's 1925(b) Statement. However, Appellant's 1925(b) Statement does not appear in the certified record.

discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Commonwealth v. Sierra, 752 A.2d 910, 912 (Pa. Super. 2000). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by: (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. Commonwealth v. Leatherby, 116 A.3d 73, 83 (Pa. Super. 2015) (citation omitted).

Appellant failed to include a Rule 2119(f) Statement in her Brief and the Commonwealth objected to its omission. Commonwealth's Brief at 10-12. Appellant has, thus, waived her challenge to the discretionary aspects of her sentence. Pa.R.A.P. 2119(f); Commonwealth v. Sanchez, 848 A.2d 977, 986 (Pa. Super. 2004). See also Commonwealth v. Kiesel, 854 A.2d 530, 533 (Pa. Super. 2004) (holding that this Court is precluded from reviewing the merits of the claim when the Commonwealth objects to the omission of a Pa.R.A.P. 2119(f) Statement). Accordingly, we affirm.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:   2/25/2019