J-S68020-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RYAN BAUMGARDNER | : | |
| | : | |
| Appellant | : | No. 246 WDA 2018 |

Appeal from the Judgment of Sentence November 16, 2017
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0000808-2016

BEFORE: SHOGAN, J., DUBOW, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY DUBOW, J.: FILED FEBRUARY 25, 2019

Appellant, Ryan Baumgardner, appeals from the Judgment of Sentence[1] entered in the Cambria County Court of Common Pleas after a jury convicted him of multiple counts of Possession with Intent to Deliver ("PWID") and related offenses. After careful review, we find that Appellant has waived his challenge to the discretionary aspects of sentencing and, thus, affirm.

A detailed recitation of the factual and procedural history is unnecessary to our disposition. Briefly, on September 22, 2017, a jury convicted Appellant of two counts of PWID, Criminal Conspiracy, two counts of Corrupt

_____

[1] Appellant purports to appeal from the January 11, 2018 Order denying his Post-Sentence Motion to Modify Sentence. We have corrected the caption to reflect that Appellant's appeal properly lies from the judgment of sentence entered on November 16, 2017. See Commonwealth v. Dreves, 839 A.2d 1122, 1125 n. 1 (Pa. Super. 2003) (en banc ) (explaining appeal properly lies from judgment of sentence).

_____

* Former Justice specially assigned to the Superior Court.

Organizations, and Criminal Use of a Communication Facility[2] after hearing evidence that Appellant was a co-conspirator in a large heroin distribution operation in the Pittsburgh and Johnston areas of Pennsylvania.

On November 16, 2017, the trial court sentenced Appellant within the sentencing guidelines to an aggregate sentence of nine to eighteen years' incarceration. Appellant filed a timely Post-Sentence Motion, which the trial court denied on January 12, 2018.

Appellant filed a timely Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal: "Whether [Appellant]'s sentence was incorrect based upon the alleged amounts in grams of drugs delivered?" Appellant's Brief at 4. Appellant avers that the trial court erroneously based the offense gravity score, and resulting guideline sentence, on speculative evidence that Appellant possessed between 100 and 1000 grams of heroin when the evidence proved that Appellant possessed only 2 grams of heroin. Id. at 7-8.

Any allegation that the court misapplied the sentencing guidelines by using an improper calculation of the offense gravity score constitutes a challenge to the discretionary aspects of sentencing. Commonwealth v. Sunealitis, 153 A.3d 414, 421 (Pa. Super. 2016). Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as

_____

[2] 35 P.S. § 780-113 (a)(30); 18 Pa.C.S. § 903(a); 18 Pa.C.S. § 911(b)(3); and 18 Pa.C.S. § 7512(a), respectively.

of right. Commonwealth v. Sierra, 752 A.2d 910, 912 (Pa. Super. 2000). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by: (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. Commonwealth v. Leatherby, 116 A.3d 73, 83 (Pa. Super. 2015) (citation omitted).

Appellant failed to include a Rule 2119(f) Statement in his Brief and the Commonwealth objected to its omission. Commonwealth's Brief at 12-14. Appellant has, thus, waived his challenge to the discretionary aspects of his sentence. Pa.R.A.P. 2119(f); Commonwealth v. Sanchez, 848 A.2d 977, 986 (Pa. Super. 2004). See also Commonwealth v. Kiesel, 854 A.2d 530, 533 (Pa. Super. 2004) (holding that this Court is precluded from reviewing the merits of the claim when the Commonwealth objects to the omission of a Pa.R.A.P. 2119(f) Statement). Accordingly, we affirm.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  2/25/2019