J-S11038-20

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADAM JOSEPH BUBASH, | : | |
| | : | |
| Appellant | : | No. 1382 WDA 2019 |

Appeal from the Judgment of Sentence Entered September 4, 2019
in the Court of Common Pleas of Somerset County
Criminal Division at No(s): CP-56-CR-0000414-2018

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADAM JOSEPH BUBASH, | : | |
| | : | |
| Appellant | : | No. 1383 WDA 2019 |

Appeal from the Judgment of Sentence Entered September 4, 2019
in the Court of Common Pleas of Somerset County
Criminal Division at No(s): CP-56-CR-0000415-2018

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADAM JOSEPH BUBASH, | : | |
| | : | |
| Appellant | : | No. 1384 WDA 2019 |

Appeal from the Judgment of Sentence Entered September 4, 2019
in the Court of Common Pleas of Somerset County
Criminal Division at No(s):  CP-56-CR-0000416-2018

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADAM JOSEPH BUBASH, | : | |
| | : | |
| Appellant | : | No. 1385 WDA 2019 |

Appeal from the Judgment of Sentence Entered September 4, 2019
in the Court of Common Pleas of Somerset County Criminal Division at
No(s):  CP-56-CR-0000460-2018

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADAM JOSEPH BUBASH, | : | |
| | : | |
| Appellant | : | No. 1386 WDA 2019 |

Appeal from the Judgment of Sentence Entered September 4, 2019
in the Court of Common Pleas of Somerset County
Criminal Division at No(s):  CP-56-CR-0000474-2018

J-S11038-20

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                    :               PENNSYLVANIA
                                      :

                 v.                           :
                                      :

ADAM JOSEPH BUBASH,             :
                                      :

             Appellant                 :           No. 1387 WDA 2019

Appeal from the Judgment of Sentence Entered September 4, 2019
in the Court of Common Pleas of Somerset County
Criminal Division at No(s):  CP-56-CR-0000734-2018

BEFORE:  NICHOLS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED APRIL 27, 2020**

In these consolidated appeals, Adam Joseph Bubash ("Bubash") appeals from the judgments of sentence imposed following his open guilty pleas to one count each of burglary,[1] at CP-56-CR-0000414-2018 ("No. 414-2018"); burglary, at CP-56-CR-0000474-2018 ("No. 474-2018"); criminal trespass,[2] at CP-56-CR-0000415-2018 ("No. 415-2018"); criminal trespass, at CP-56-CR-0000416-2018 ("No. 416-2018"); criminal trespass, at CP-56-CR-0000430-2018 ("No. 460-2018"); and criminal trespass, at CP-56-CR-0000734-2018 ("No. 734-2018").  We affirm.

On July 26, 2018, Bubash entered open guilty pleas at Nos. 414-2018, 415-2018, 416-2018, 460-2018, and 474-2018.  Bubash waived the preparation of a pre-sentence report ("PSI") and the trial court ordered a

---

[1] 18 Pa.C.S.A. § 3502(a)(2).

[2] 18 Pa.C.S.A. § 3503(a)(1)(ii).

- 3 -

modified pre-sentence report. Sentencing was deferred until October 26, 2018. At the sentencing hearing, Bubash entered an additional guilty plea at No. 734-2018, and Bubash proceeded immediately to sentencing on all 6 dockets.

On October 26, 2018, the trial court sentenced Bubash, at No. 414-2018, to 36 to 72 months in prison, plus restitution, fines, and costs. At No. 415-2018, the trial court sentenced Bubash to 21 to 42 months in prison, plus restitution, fines, and costs. At No. 416-2018, the trial court sentenced Bubash to 21 to 42 months in prison, plus restitution, fines, and costs. At No. 460-2018, the trial court sentenced Bubash to 21 to 42 months in prison, plus restitution, fines, and costs. At No. 474-2018, the trial court sentenced Bubash to 36 to 72 months in prison, plus restitution, fines, and costs. At No. 734-2018, the trial court sentenced Bubash to 12 to 42 months in prison, plus restitution, fines, and costs. The trial court directed the sentences imposed at Nos. 415-2018, 416-2018, 460-2018, and 734-2018 to run concurrently with No. 414-2018. Bubash's sentence at No. 474-2018 was imposed consecutive to his sentence at No. 414-2018, resulting in an aggregate sentence of 72 to 144 months in prison. Bubash was given credit for time served at Nos. 460-2018, 474-2018, and 734-218, and all of Bubash's sentences were in the standard range of the sentencing guidelines.

On December 20, 2018, Bubash filed a Petition pursuant to the Post Conviction Relief Act ("PCRA"),[3] requesting the reinstatement of his post-sentence and appellate rights. The PCRA court granted Bubash permission to file a post-sentence motion, *nunc pro tunc*. On May 28, 2019, Bubash filed a timely post-sentence Motion, *nunc pro tunc*, asserting that the trial court failed to consider Bubash's mitigating circumstances of assisting the police, struggling with addiction, his work history, and the lengthy amount of time between his previous offense and the instant crimes. Bubash additionally alleged that the trial court improperly referred to him as a "career criminal." The trial court denied Bubash's Motion without a hearing.

Bubash filed timely Notices of Appeal,[4] one at each docket number. The trial court did not order Bubash to file a concise statement of errors complained of on appeal.[5] The trial court then issued a Rule 1925(a) Opinion. This Court, *sua sponte*, consolidated Bubash's appeals on September 20, 2019.

Bubash presents the following question for our review:

_____

[3] 42 Pa.C.S.A. §§ 9541-9546.

[4] Bubash complied with the dictates of our Supreme Court in **Commonwealth v. Walker**, 185 A.3d 969, 971, 977 (Pa. 2018) (holding that, prospectively from the date of the **Walker** decision, "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case[,]" and that a failure to do so will result in quashal). **See** Pa.R.A.P. 341, note.

[5] However, it appears from the record that Bubash filed his Concise Statement on January 9, 2020, after the trial court had issued its Opinion.

> Whether the [trial] court abused its discretion in sentencing [Bubash], such that the [trial] court did not consider [Bubash]'s individual circumstances in fashioning the sentence and the sentence is unfair[?]

Brief for Appellant at 31.

In his Brief, Bubash claims that the trial court issued a "predetermined" sentence "based on [Bubash's] prior record score" and ignored the mitigating circumstances of Bubash's work history, request for rehabilitation, cooperation with law enforcement, and the length of time between offenses. Brief for Appellant at 37.

Bubash challenges the discretionary aspects of his sentence, from which there is no absolute right to appeal.[6] *See Commonwealth. Sunealitis*, 153 A.3d 414, 420 (Pa. Super. 2016). Rather, when an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. *Commonwealth v. Yanoff*, 690, A.2d 260, 267 (Pa. Super. 1997); *see also Commonwealth v. Tuladziecki*, 522 A.2d 17, 18 (Pa. 1987). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief

---

[6] The open guilty pleas that Bubash entered into permit him to challenge his sentence. *See Commonwealth v. Tirado*, 870 A.2d 362, 364 n.5 (Pa. Super. 2005) (explaining that, when the plea agreement is open, containing no bargain for a specific or stated term of sentence, the defendant will not be precluded from appealing the discretionary aspects of his sentence).

has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b)

* * *

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advance[s] a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Bubash filed timely Notices of Appeal, raised his claim in a post-sentence Motion, but failed to include a Rule 2119(f) Statement in his brief. However, the Commonwealth did not raise an objection and, thus, we will determine whether Bubash has raised a substantial question in his brief. ***See Commonwealth v. Kiesel***, 854 A.2d 530, 533 (Pa. Super. 2004) (explaining that "when the appellant has not included a Rule 2119(f) statement and the appellee has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate[.]").

Bubash highlights specific mitigating factors that the trial court allegedly failed to consider, and asserts that his right to an individualized sentence was violated when the trial court focused on the seriousness of the offenses instead of Bubash's rehabilitative needs. We conclude that Bubash has presented a

substantial question. *See Commonwealth v. Serrano*, 150 A.3d 470, 473 (Pa. Super. 2016) (stating that a substantial question has been presented where an appellant alleged that the sentencing court failed to consider the defendant's individualized circumstances and rehabilitative needs); *see also Commonwealth v. Coulverson*, 34 A.3d 135, 142-43 (Pa. Super. 2011) (stating a substantial question has been presented where the trial court focused on the seriousness of the offenses rather than the rehabilitative needs of the defendant).

Our standard of review is as follows:

Sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias, or ill will. It is more than just an error in judgment.

*Commonwealth v. Downing*, 990 A.2d 788, 792-93 (Pa. Super. 2010) (citation omitted).

When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. It must be demonstrated that the court considered the statutory factors enunciated for determination of sentencing alternatives, and the sentencing guidelines. Additionally, the court must impose a sentence which is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the rehabilitative needs of the defendant.

*Commonwealth v. McClendon*, 589 A.2d 706, 712 (Pa. Super. 1991) (internal citations and quotation marks omitted); *see also* 42 Pa.C.S.A.

§ 9721(b). Moreover, "[w]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Moury*, 992 A.2d at 171. Furthermore, "the trial judge may determine whether, given the facts of a particular case, a sentence should run consecutive to[,] or concurrent with[,] another sentence being imposed." *Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa. Super. 2009).

Here, the record reflects that the trial court considered the particular circumstances of the offense, Bubash's prior criminal record, age, work history, and potential for rehabilitation, as well as Bubash's statement at sentencing, and his general character. *See* N.T., 10/26/18, at 15, 19. Further, the trial court considered the sentencing guidelines, Bubash's prior record score and criminal history, his rehabilitative needs, and the seriousness of his crimes. *Id.*

The trial court stated repeatedly that it considered that Bubash had taken responsibility for his actions. Additionally, the trial court stated that it considered Bubash's request for help through the state system instead of the county, and Bubash's statements that he struggles with addiction. *Id.* Specifically, the trial court recognized that "[t]he defendant has taken the first steps towards rehabilitation by accepting responsibility for his actions; and consequently, these sentences fall at the lowest end of the standard range of the sentencing guidelines." *Id.* at 19. Additionally, we note that Bubash requested that the trial court sentence him to "a state sentence" because he

did not believe he would get the addiction help he needed from a county facility. *Id.* at 13.

Moreover, because Bubash's sentence was within the standard range, it was appropriate under the Sentencing Code. ***See Moury, supra; Lilley, supra***. Accordingly, we conclude that the trial court did not abuse its discretion when sentencing Bubash, and Bubash's discretionary sentencing challenge fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/2020