J-S19025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL LONG, | : | |
| | : | |
| Appellant | : | No. 979 EDA 2019 |

Appeal from the Judgment of Sentence Entered March 8, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008351-2017

BEFORE: BOWES, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY McCAFFERY, J.:                 **FILED MAY 5, 2020**

Michael Long (Appellant) appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following his open guilty plea to one count of robbery.[1] Appellant argues the sentence imposed was excessive under the circumstances of his case. For the reasons below, we affirm.

Appellant was charged with robbery, criminal conspiracy, simple assault,[2] and related offenses for an incident that occurred on September 10, 2017. On January 7, 2019, Appellant entered an open guilty plea to one count of robbery graded as a second-degree felony. The Commonwealth *nolle*

---

[1] 18 Pa.C.S. 3701(a)(1)(ii) (threat of immediate serious bodily injury).

[2] 18 Pa.C.S. §§ 903(c), 2701(a).

*prossed* the remaining charges. The facts underlying Appellant's plea are as follows:

> On Sunday, September 10th 2017 around 8:30 in the morning, [Appellant], as well as another man, Mr. Tashan Watson, approached the complainant from behind inside of Jefferson Station [public transportation center in Philadelphia]. [A]ll this was captured on video. [Appellant] can be seen putting his arm around the complainant's neck and dragging the complainant behind a Kiosk at which the complainant was pushed to the ground and hit his head. He did seek medical treatment for his head injury.

> $400 was taken from the complainant's pocket during the incident. [Appellant] was . . . observed on sight later by officers.

Trial Ct. Op., 8/26/19, at 1-2, *citing* N.T. Guilty Plea, 1/7/19, at 10-11.

On March 8, 2019, the trial court sentenced Appellant to a term of three to 10 years' imprisonment. This sentence fell within the aggravated range of the sentencing guidelines.[3] Appellant filed a timely post-sentence motion, requesting reconsideration and modification of his sentence. The trial court denied the motion on March 20, 2019, and this timely appeal followed. Thereafter, Appellant complied with the trial court's order directing him to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises one issue on appeal:

---

[3] At the sentencing hearing, the court acknowledged: (1) the robbery offense was graded as a second degree felony, with an offense gravity score of seven; (2) Appellant had a prior record score of five; and (3) thus, the standard sentencing guideline range was 24 to 30 months' imprisonment, "plus or minus six[.]" N.T. Sentencing H'rg, 3/8/19, at 3-4.

- 2 -

Is the sentence imposed unduly harsh and excessive under the circumstances of this case?

Appellant's Brief at 4.

Appellant's sole claim on appeal challenges the discretionary aspects of his sentence. It is well-established that such a challenge does not entitle an appellant to "review as of right." *Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*). Rather,

[b]efore this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.*

In the present case, Appellant filed a timely notice of appeal, and preserved his claim in a timely-filed post-sentence motion. *See* Appellant's Post Sentence Motion to Modify or Reconsider Sentence, 3/18/19, at 2-3 (unpaginated). In addition, he has included in his brief the requisite concise statement of reasons relied upon for appeal pursuant to Pa.R.A.P. 2119(f). *See* Appellant's Brief at 13-20. Accordingly, we must now consider whether Appellant's claim raises a substantial question.

An appellant "presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing

code or is contrary to the fundamental norms of the sentencing process."

***Commonwealth v. Conte***, 198 A.3d 1169, 1174 (Pa. Super. 2018) (citation

omitted), *appeal denied*, 206 A.3d 1029 (Pa. 2019).

> In determining whether a substantial question exists, "[o]ur inquiry must focus on the reasons for which the appeal is sought in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists.

***Commonwealth v. Provenzano***, 50 A.3d 148, 154 (Pa. Super. 2012)

(citations omitted).

Here, Appellant argues the trial court's imposition of an "aggravated

range sentence with a [statutory] maximum term of incarceration is excessive

under the circumstances." Appellant's Brief at 18. He further asserts the trial

court failed to "adequately account for" several mitigating factors — including

Appellant's acceptance of responsibility, expression of remorse, and untreated

mental illness — and misapprehended the applicable statutory maximum. ***Id.***

at 18-19. This Court has held that a claim the trial court "erred by imposing

an aggravated range sentence without consideration of mitigating

circumstances raises a substantial question." ***Commonwealth v. Felmlee***,

828 A.2d 1105, 1107 (Pa. Super. 2003) (*en banc*). Moreover, "[a] claim that

the sentencing court misapplied the Guidelines [also] presents a substantial

question" for our review. ***Commonwealth v. Sunealitis***, 153 A.3d 414, 421

(Pa. Super. 2016) (citation omitted). Thus, we proceed to review Appellant's challenge on appeal.[4]

Preliminarily, we note:

Sentencing is the responsibility of the trial court and we will not disturb the sentence unless there is a manifest abuse of discretion. To establish a manifest abuse of discretion, the appellant must show a misapplication of the law, or partiality, prejudice, bias, or ill will that led to the unreasonable decision.

*Commonwealth v. Knox*, 219 A.3d 186, 199 (Pa. Super. 2019) (citations omitted). Furthermore, before imposing sentence, a trial court must consider the relevant sentencing guideline ranges, as well as "the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant." *Commonwealth v. Coulverson*, 34 A.3d 135, 144 (Pa. Super. 2011) (citation omitted).

The record in the present case reveals that, at the beginning of the sentencing hearing, the trial court acknowledged Appellant entered an open guilty plea to "F2 robbery," and the appropriate guidelines called for a standard range sentence of "[t]wenty-four to 30[ months' imprisonment], plus

_____

[4] To the extent Appellant also challenges the court's imposition of the statutory maximum sentence, such a claim does not raise a substantial question for our review. *See* Appellant's Brief at 17-18. "This is true because the sentencing guidelines provide for minimum and not maximum sentences[,]" and "[w]hen the sentence is within the range prescribed by statute, a challenge to the maximum sentence imposed does not set forth a substantial question as to the appropriateness of the sentence under the guidelines." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1049 (Pa. Super. 2011) (citations omitted).

or minus six[.]" N.T., Sentencing H'rg, at 3-4. Plea counsel explained to the court that Appellant was initially declared mentally incompetent, but by July of 2018, he was diagnosed with bipolar disorder and provided appropriate medication, which resulted in a "notable change in [Appellant's] ability to cooperate [with counsel and] communicate with the Court." *Id.* at 7-8, 11. Counsel also told the court that "[e]very time [Appellant went] to state prison, they just gave him the maximum sentence . . . because of his homelessness, [he did not] have a home plan in place[.]" *Id.* at 9. Both the Commonwealth's attorney and plea counsel requested the trial court impose a sentence below the mitigated range of the guidelines.[5] *Id.* at 4-6, 10.

Prior to imposing sentence, the court stated it had reviewed the pre-sentence investigation report (PSI) prepared for Appellant, and summarized the information contained therein as follows: (1) although Appellant was raised "in a loving and stable home," he "went off the rails" at age 15, and "started what was a long career of criminal behavior[;]" (2) Appellant, at age 39, never finished high school and never held a job; (3) Appellant denied having a substance abuse problem or using drugs for 10 years, despite the fact he tested positive for cocaine "multiple times while on probation[;]" (4) Appellant had a history of mental health issues; and (5) Appellant's extensive

---

[5] The Commonwealth's attorney explained to the court that she was not condoning Appellant's actions, but merely "taking into account the fact that [he] has significant other issues in his life[,]" in particular, "significant mental illness" and "significant substance abuse problems." N.T., Sentencing H'rg, at 4, 6.

criminal record included "43 arrests, 15 convictions, 12 commitments, 10 violations of probation or parole, [and] six revocations of sentence."  N.T., Sentencing H'rg, at 11-14.  The trial court then provided the following reasons on the record for imposing a sentence of three to 10 years' imprisonment:

> [I]t appears that unless [Appellant] was incarcerated, he was committing crimes:  Large, small and some violent, some not, which I won't go through all of it, but brings us to the current offense, which I believe is also a violation of probation involving himself and another individual who take the victim in the subway station, drag him behind a kiosk, and rob him of $400.
>
> Contrary to what counsel represented, while in state custody, [Appellant] didn't max out because he was homeless.  He maxed out because he incurred 23 prison misconducts.  Quite frankly, this is a record that I rarely come across.  For somebody to start at age 15 and continue consistently to age 39, it is entirely unclear to me why the Commonwealth is asking for such a mitigated sentence.  It makes no sense to this Court whatsoever.
>
> Clearly, [Appellant] needs mental health treatment; however, clearly he has not shown himself to be capable of being either on parole or probation, on community — on any type of supervision.  Nor is he capable of maintaining himself in prison without incurring infractions.  I find [Appellant] to be a danger to the community.

*Id.* at 15.

Upon our review of the record, we find no basis to conclude the aggravated range sentence imposed by the trial court constituted an abuse of discretion.  The court's statement at Appellant's sentencing hearing reflects its consideration of the relevant sentencing factors set forth in Section 9721(b), that is, "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."  *See* 42 Pa.C.S. § 9721(b).  The trial

court recognized Appellant's need for mental health treatment, but weighed that against Appellant's potential danger to the community. Contrary to Appellant's argument on appeal, it is evident the trial court considered all of the mitigating factors cited by Appellant in his brief.[6] The fact that the court did not weigh those factors in the manner which Appellant advocates does not constitute an abuse of sentencing discretion. **See Commonwealth v. Macias**, 968 A.2d 773, 778 (Pa. Super. 2009) ("We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court.").

Appellant also argues, however, that the trial court misapprehended the applicable statutory maximum sentence for his crime. Appellant's Brief at 19. Indeed, the record reveals Appellant entered a guilty plea to one count of robbery graded as a **second-degree felony**. Appellant's Written Guilty Plea Colloquy, 1/7/19, at 1. The maximum sentence for a second-degree felony is 10 years' imprisonment. 18 Pa.C.S. § 1103(2). Nevertheless, in its Pa.R.A.P. 1925(a) opinion, the trial court opined:

> Appellant's contention that he received the equivalent of a maximum sentence — which the Court nonetheless would have been entitled to impose — is patently false. Appellant entered an open guilty plea to Robbery, which as a **felony of the first degree**, carries a maximum term of 20 years' imprisonment. **See** 18 Pa.C.S. § 1103(1). Here, conversely, Appellant was sentenced to 3 to 10 years' incarceration.

---

[6] It is axiomatic that "where a sentencing court has the benefit of a PSI, the court is presumed to have weighed all relevant information regarding the defendant's character against any mitigating factors." **Commonwealth v. Mulkin**, ___ A.3d ___, ___, 2020 WL 610939, *3 (Pa. Super. Feb. 10, 2020).

Trial Ct. Op. at 6 (emphasis added).

Clearly, the trial court misapprehended the grading of Appellant's offense **in its opinion**. Nevertheless, our review of the transcript from the sentencing hearing reveals the trial court was aware of the proper grade of the offense at the time it imposed Appellant's sentence. The court stated at the beginning of the hearing: "This was a guilty plea to **F2 robbery**, and it is an open plea." N.T., Sentencing H'rg, at 3 (emphasis supplied). Further, the court recited the correct sentencing guideline range, and was informed by a PSI. *Id.* at 4, 11. Indeed, Appellant did not raise this claim in his post-sentence motion, and, even now, does not assert the court misapprehended the grade of the offense at the time he was sentenced. Accordingly, because Appellant cannot demonstrate his sentence, at the time it was imposed, was shaped by the court's mistaken calculation of the statutory maximum sentence available, he is entitled to no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/05/2020

- 9 -