J-A16037-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ZACHARY NELSON GLOVER | : | |
| | : | |
| Appellant | : | No. 1918 MDA 2019 |

Appeal from the Judgment of Sentence Entered October 8, 2019
in the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0003344-2018

BEFORE: PANELLA, P.J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED OCTOBER 28, 2020**

Zachary Nelson Glover ("Glover") appeals from the judgment of sentence imposed following the entry of his negotiated guilty plea to aggravated assault.[1]  Additionally, Glover's counsel, Sean M. Fitzgerald, Esquire ("Attorney Fitzgerald"), has filed an Application to Withdraw as Counsel, and a brief pursuant to **Anders v. California**, 368 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We grant Attorney Fitzgerald's Application to Withdraw, and affirm Glover's judgment of sentence.

On May 26, 2018, at approximately 2:30 a.m., Glover was involved in a drive-by shooting at an apartment located at 44 South 4th Street in Hamburg,

---

[1] 18 Pa.C.S.A. § 2702(a)(1).

Berks County. Glover, operating a black sedan, drove up to the apartment and fired a bullet into the apartment, striking Michelle Bowman in the hand. Glover drove away, then turned around and returned to the apartment. Glover fired a second bullet into the apartment before leaving the area.

On October 8, 2019, Glover entered a negotiated guilty plea to aggravated assault and, in exchange, the remaining charges were dismissed by the trial court. Additionally, Glover and the Commonwealth agreed to a sentence of 72 to 156 months in prison. Glover also agreed to pay restitution in the amount of $8,158.47. The trial court sentenced Glover, in accordance with the plea agreement, to 72 to 156 months in prison, with credit for time served, plus fines, costs, and restitution.

Glover filed a timely post-sentence Motion, challenging the discretionary aspects of his sentence. In his post-sentence Motion, Glover asserted that his sentence was not consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and on the rehabilitative needs of the defendant. Further, Glover asserted that he had a prior record score of zero, and the objectives of 42 Pa.C.S.A. § 9721(b) could have been satisfied by a lesser sentence. On October 23, 2019, the trial court denied Glover's post-sentence Motion.

Glover filed a timely Notice of Appeal and court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal. Attorney Fitzgerald subsequently filed, with this Court, an Application to Withdraw as

Counsel and a brief pursuant to **Anders**. Glover did not file a *pro se* brief, nor did he retain alternate counsel for this appeal.

Before addressing Glover's issue on appeal, we must determine whether Attorney Fitzgerald has complied with the dictates of **Anders** and its progeny in petitioning to withdraw from representation. **See Commonwealth v. Mitchell**, 986 A.2d 1241, 1244 n.2 (Pa. Super. 2009) (stating that "[w]hen presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."). Pursuant to **Anders**, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

**Commonwealth v. Burwell**, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Additionally, the Pennsylvania Supreme Court has explained that a proper **Anders** brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling

case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

After determining that counsel has satisfied the technical requirements of ***Anders*** and ***Santiago***, this Court must then "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Instantly, our review of the ***Anders*** Brief and the Application to Withdraw reveals that Attorney Fitzgerald has substantially complied with each of the technical requirements of ***Anders***/***Santiago***. ***See Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa. Super. 2007) (stating that counsel must substantially comply with the requirements of ***Anders***). Attorney Fitzgerald indicates that he has made a conscientious examination of the record and determined that an appeal would be frivolous. The record further reflects that Attorney Fitzgerald has furnished a copy of the ***Anders*** Brief to Glover, advised Glover of his right to retain new counsel or proceed *pro se*, or raise any additional points that he deems worthy of this Court's attention.[2] Additionally, the ***Anders*** Brief substantially complies with the

---

[2] Initially, Attorney Fitzgerald's Application to Withdraw, filed April 1, 2020, did not include the letter advising Glover of his rights, as required by this

- 4 -

requirements of **Santiago**. As Attorney Fitzgerald has complied with all of the requirements for withdrawing from representation, we will examine the record and make an independent determination of whether Glover's appeal is, in fact, wholly frivolous.

In the **Anders** Brief, Attorney Fitzgerald presents the following issue for our review: "Whether the sentencing court abused its discretion in imposing an excessive sentence on [Glover,] when the sentence imposed is inconsistent with the protection of the public, the gravity of the offense, the impact on the victim, and the rehabilitative needs of [Glover]." **Anders** Brief at 9.

Glover argues that the trial court "failed to follow the general standards for sentencing set forth [in] 42 Pa.C.S.A. § 9721(b)." Brief for Appellant at 17. Glover asserts that the trial court imposed a sentence that was "inconsistent with the protection of the public, the gravity of the offense, the impact on the victim, and the rehabilitative needs of [Glover]." **Id.**

Glover's claim challenges the discretionary aspects of his sentence, from which there is no absolute right to appeal. **See Commonwealth v. Sunealitis**, 153 A.3d 414, 420 (Pa. Super. 2016). Here, Glover entered into a negotiated plea agreement, which included a sentencing agreement, and,

---

Court's holding in **Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005). On April 3, 2020, this Court issued an Order requiring Attorney Fitzgerald to file the letter and proof of service that Glover had received the **Millisock** letter. On April 8, 2020, Attorney Fitzgerald filed, with this Court, proof of service to Glover, dated April 8, 2020, and the **Millisock** letter signed and dated on April 1, 2020.

therefore, he cannot challenge the discretionary aspects of his sentence on appeal. *See Commonwealth v. Reid*, 117 A.3d 777, 784 (Pa. Super. 2015) (holding that a challenge to the discretionary aspects of a negotiated sentence is unreviewable); *see also Commonwealth v. Dalberto*, 648 A.2d 16, 21 (Pa. Super. 1994) (stating that "in a negotiated plea agreement where a sentence of specific duration has been made part of a plea bargain, it would clearly make a sham of the negotiated plea process for courts to allow defendants to later challenge their sentence….").[3]  Accordingly, Glover's claim is wholly frivolous.

Finally, our independent review of the record discloses no other "arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Dempster*, 187 A.3d at 272.  As such, we grant Attorney Fitzgerald's Application to Withdraw, and affirm the judgment of sentence.

Application to Withdraw granted.  Judgment of sentence affirmed.

---

[3] Further, a review of the record reveals that the trial court considered all relevant factors, and had the benefit of a pre-sentence investigation report ("PSI").  N.T. (Guilty Plea and Sentence), 10/8/19, at 14-16; *see also Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (stating that where a sentencing court is informed by a PSI, it is presumed that they are "aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/28/2020</u>