J-A01010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OMAR MORGAN | : | |
| | : | |
| Appellant | : | No. 552 MDA 2021 |

Appeal from the Judgment of Sentence Entered April 21, 2021
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0002543-2019

BEFORE:  LAZARUS, J., NICHOLS, J., and KING, J.

MEMORANDUM BY LAZARUS, J.:         **FILED MARCH 07, 2022**

Omar Morgan appeals from the judgment of sentence, entered in the Court of Common Pleas of Luzerne County, following his *nolo contendere* plea to one count each of possession of firearm prohibited,[1] receiving stolen property,[2] possession of controlled substance,[3] and two counts of simple assault.[4]  Additionally, Morgan's counsel, Matthew Kelly, Esquire, has filed an application to withdraw as counsel and an accompanying ***Anders***[5] brief.  Upon

---

[1] 18 Pa.C.S.A. § 6105(a)(1).

[2] 18 Pa.C.S.A. § 3925(a).

[3] 35 P.S. § 780-113(a)(16).

[4] 18 Pa.C.S.A. § 2701(a)(3).

[5] ***Anders v. California***, 368 U.S. 738 (1967); ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

review, we grant Attorney Kelly's application to withdraw and affirm Morgan's judgment of sentence.

At the plea and sentencing hearing, Morgan stipulated to the Commonwealth's factual summary:

> On Tuesday, February 12[], 2019, Plymouth Borough Police Department [officers] were dispatched to an area on Vine Street in Plymouth Borough. They were subsequently dispatched to an area on Blair Street where they effectuated a traffic stop of a Burgit's Taxi vehicle.
>
> In the vehicle, [Morgan] was in the passenger seat. He was identified as [the subject] . . . of the dispatch. [Morgan] became disorderly. Ultimately, the officers took [Morgan] to the ground and effectuated an arrest.
>
> When the[ officers] lifted [Morgan] from the ground they recovered a Smith & Wesson handgun that was stolen property belonging to Tina Butromovich. A search [of Morgan] incident to arrest also revealed additional drugs and drug paraphernalia, including marijuana and crack cocaine.

N.T. Plea and Sentencing Hearing, 4/21/21, at 5-6.

Morgan was arrested and charged, *inter alia*,[6] with the above-mentioned crimes. On August 13, 2019, Morgan filed a motion in which he sought to suppress all evidence seized during his encounter with the police officers as

---

[6] In relation to this incident, Morgan was also charged with one count of each of possession of firearm with manufacturer number altered, **see** 18 Pa.C.S.A. § 6110.2, carrying firearm without a license, **id.** at § 6106(a)(1), disarming law enforcement officer, **id.** at § 5104.1(a)(1), institutional vandalism, **id.** at § 3307(a)(3), identity theft, **id.** at § 4120(a), resisting arrest, **id.** at § 5104, false identification to law enforcement authorities, **id.** at § 4914(a), public drunkenness, **id.** at § 5505, disorderly conduct, **id.** at § 5503(a)(1), possession of a controlled substance, 35 P.S. § 780-113(a)(16), possession of drug paraphernalia, **id.** at (a)(32), possession of marijuana, **id.** at (a)(31), and six counts of access device fraud, 18 Pa.C.S.A. § 4106(a)(3).

fruit of the poisonous tree. After a hearing held on November 12, 2019, the trial court granted, in part, and denied, in part, Morgan's motion.[7]

Subsequently, on April 4, 2021, Morgan entered into a negotiated plea agreement with the Commonwealth, wherein Morgan agreed to plead *nolo contendere* to the above-described offenses and, in exchange, the Commonwealth agreed to withdraw the remaining offenses described in footnote 6, **supra**. Additionally, the parties agreed to an aggregate sentence of 24 to 48 months imprisonment. On the same date, the trial court conducted a plea and sentencing hearing, at which it accepted Morgan's plea, and immediately sentenced him in accordance with the plea agreement to an aggregate period of 24 to 48 months imprisonment. The trial court credited Morgan with 800 days of time served. Additionally, the trial court sentenced Morgan to pay the costs of prosecution, as well as restitution in the amount of $4,266.31. Morgan did not file a post-sentence motion.

Morgan filed a timely notice of appeal, and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Additionally, Morgan's counsel has filed, with this Court, an application to withdraw as counsel and an accompanying **Anders** brief. Morgan filed a *pro se* response to counsel's **Anders** brief.

---

[7] In particular, the trial court determined the evidence seized from Morgan's person, incident to arrest, was lawfully seized. However, the trial court determined that the police illegally seized evidence from the taxi without a warrant. **See** Findings of Fact and Conclusions of Law, 11/15/19, at 6-7 (unpaginated).

When counsel files an **Anders** brief, and appellant files a *pro se* or counseled response, this Court will first determine whether counsel has complied with the dictates of **Anders**. **See Commonwealth v. Bennett**, 124 A.3d 327, 333 (Pa. Super. 2015) (outlining proper procedure where counsel files **Anders** brief and appellant files *pro se* response). If counsel has complied with the dictates of **Anders** and **Santiago**, we will address the issues raised in the **Anders** brief and conduct our independent examination of the record as to those issues. **See id.** Finally, if we determine those issues to be without merit, we next examine the appellant's *pro se* allegations. **See id.** As to appellant's *pro se* allegations, when an advocate's brief has been filed, "[this] Court is limited to examining only those issues raised and developed in the brief[; we] do not act as, and are forbidden from acting as, appellant's counsel." **Id.**

Pursuant to **Anders**, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to [the] defendant and advise him of his or right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

**Commonwealth v. Burwell**, 42 A.3d 1077, 1083 (Pa. Super. 2011) (citation omitted).

Additionally, our Supreme Court has explained that a proper *Anders* brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Instantly, our review of the *Anders* brief and the application to withdraw confirms that Attorney Kelly has substantially complied with each of the technical requirements of *Anders* and *Santiago*. *See Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa. Super. 2007) (stating counsel must substantially comply with requirements of *Anders*). Attorney Kelly indicates that he has made a conscientious examination of the record and determined that an appeal would be frivolous. *See Anders* Brief, at 7. The record further reflects that Attorney Kelly has furnished a copy of the *Anders* brief to Morgan, and advised Morgan of his right to retain new counsel or proceed *pro se*, or raise any additional points that he deems worthy of this Court's attention. Additionally, the *Anders* brief substantially complies with the requirements of *Santiago*. As Attorney Kelly has complied with all of the requirements for withdrawing from representation, we will examine the record

- 5 -

and make an independent determination of whether Morgan's appeal is, in fact, wholly frivolous.

In the **Anders** brief, Attorney Kelly presents the following issue for our review: "Whether the trial court abused its discretion in sentencing [Morgan?]" **Anders** Brief, at 1.

Morgan claims that the trial court abused its discretion in sentencing him. **Id.** at 7. In particular, Morgan asserts that his aggregate sentence of 24 to 48 months is manifestly excessive. **Id.** at 7-8.

Morgan's claim challenges the discretionary aspects of his sentence, from which there is no absolute right to appeal. **See Commonwealth v. Sunealitis**, 153 A.3d 414, 420 (Pa. Super. 2016). Rather, when an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. **Commonwealth v. Yanoff**, 690 A.2d 260, 267 (Pa. Super. 1997); **see also Commonwealth v. Tuladziecki**, 522 A.2d 17, 18 (Pa. 1987). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [**see**] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [**see**] 42 Pa.C.S.A. § 9781(b)

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Morgan filed a timely notice of appeal. However, as Attorney Kelly notes in the **Anders** brief, Morgan did not raise his sentencing claim in a post-sentence motion or as a timely objection at sentencing. **See Anders** Brief, at 7-8. Accordingly, Morgan's claim has not been preserved for our review. **See Moury**, **supra**.

Moreover, as the trial court highlighted in its opinion, Morgan entered into a sentencing agreement, whereby he would plead *nolo contendere* and, in exchange, the Commonwealth would agree to an aggregate sentence of 24 to 48 months' imprisonment. **See** Trial Court Opinion, 7/1/21, at 4-5 (unpaginated). The trial court then sentenced Morgan in accordance with the agreement. **See id.**; **see also Commonwealth v. Brown**, 982 A.2d 1017, 1019 (Pa. Super. 2009) (where defendant enters negotiated plea agreement as to sentencing, defendant may not seek discretionary appeal related to agreed-upon terms). Accordingly, Morgan's claim is not reviewable on appeal.

We now turn to Morgan's issues, raised in his *pro se* response. In his response, Morgan claims that he was "kind of manipulated into a plea deal" and that he wishes to raise ineffective assistance of counsel claims, "among a couple [of] other things." **See** *Pro Se* Response to **Anders** Brief, at 1-2 (unpaginated).

Morgan's entire *pro se* response is two pages in length. He does not advance any additional argument, nor does he cite to relevant legal authority. ***See id.*** Accordingly, we conclude that Morgan has waived these claims. ***See Bennett***, ***supra***; ***see also Commonwealth v. Rivera***, 685 A.2d 1011, 1013 (Pa. Super. 1996) (this Court does not review wholly inadequate brief that fails to comply with guidelines in Pa.R.A.P. 2111(a)); Pa.R.A.P. 2119(a) (argument section shall include "such discussion and citation of authorities as are deemed pertinent."). Additionally, our independent review of the record reveals no other non-frivolous issues.[8]

Judgment of sentence affirmed. Application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/7/2022

---

[8] We note that this Court has previously determined that where appellate counsel has filed an ***Anders*** brief, and the appellant files a *pro se* response, our independent review of the record is limited to those claims raised in the ***Anders*** brief. ***See Bennett***, ***supra***.