J-S21008-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RODNEY WILLIAM GARY, JR. | : | |
| | : | |
| Appellant | : | No. 1628 EDA 2023 |

Appeal from the Judgment of Sentence Entered March 23, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001511-2021

BEFORE:  LAZARUS, P.J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, P.J.:　　　　　**FILED SEPTEMBER 26, 2024**

Rodney William Gary, Jr., appeals[1] from the judgment of sentence, entered in the Court of Common Pleas of Delaware County, following his convictions of one count each of third-degree murder[2] and conspiracy.[3] Additionally, Gary's counsel, Attorney Wismer, has filed an application to

---

[1] On September 18, 2023, this Court dismissed Gary's appeal for failure to file a docketing statement pursuant to Pa.R.A.P. 3517.  **See** Order, 9/18/23.  On September 20, 2023, Gary filed an application to reinstate his appeal, in which he asserted that appellate counsel, William Wismer, Esquire, was appointed to represent Gary on appeal and had not received a docketing statement from this Court.  **See** Application to Reinstate Appeal, 9/20/23, at 1-3.  On September 27, 2023, this Court granted Gary's application and reinstated the instant appeal.

[2] 18 Pa.C.S.A. § 2502(c).

[3] **Id.** at § 903.

withdraw as counsel and an accompanying **Anders**[4] brief. Upon review, we grant Attorney Wismer's application to withdraw and affirm Gary's judgment of sentence.

On December 8, 2016, Gary and his co-conspirator, Kapri Drayton, planned to rob Zion Vaughn to acquire money and drugs. As Gary and Drayton attempted to rob Vaughn, Vaughn began to flee and Drayton shot him. Vaughn later died from his injuries. On January 31, 2023, Gary entered into an open guilty plea to the above-mentioned offenses. The trial court deferred sentencing and ordered the preparation of a pre-sentence investigation report (PSI).

On March 23, 2023, the trial court conducted a sentencing hearing and sentenced Gary to a term of 20-40 years' incarceration for his third-degree murder conviction, and a consecutive term of 10 years' probation for his conspiracy conviction.[5] Gary filed a timely post-sentence motion, which the trial court denied.

Gary filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Attorney Wismer subsequently filed with this Court an application to withdraw as

---

[4] **Anders v. California**, 368 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

[5] We note that these sentences were imposed consecutively to Gary's sentences at unrelated dockets CP-23-CR-0007529-2017 (No. 7529-2017) and CP-23-CR-0001201-2018 (No. 1201-2018).

counsel and a brief pursuant to *Anders*. Gary did not file a *pro se* brief or retain alternate counsel for this appeal.

Before addressing Gary's issues on appeal, we must determine whether Attorney Wismer has complied with the dictates of *Anders* and its progeny in petitioning to withdraw from representation. *See Commonwealth v. Mitchell*, 986 A.2d 1241, 1244 n.2 (Pa. Super. 2009) ("[w]hen presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw"). Pursuant to *Anders*, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, counsel must:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

*Commonwealth v. Burwell*, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citations omitted).

Additionally, the Pennsylvania Supreme Court has explained that a proper *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling

- 3 -

case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

After determining that counsel has satisfied the technical requirements of ***Anders*** and ***Santiago***, this Court must then "conduct a simple review of the record to ascertain if there appears[,] on its face[,] to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc).

Instantly, our review of counsel's ***Anders*** brief and application to withdraw reveals that Attorney Wismer has complied with each of the technical requirements of ***Anders***/***Santiago***. Attorney Wismer indicates that he has made a conscientious examination of the record and determined that an appeal would be frivolous. The record further reflects that Attorney Wismer has furnished a copy of the ***Anders*** brief to Gary and advised him of his right to retain new counsel, proceed *pro se*, or raise any additional points that he deems worthy of this Court's attention. Additionally, the ***Anders*** brief complies with the requirements of ***Santiago***. As Attorney Wismer has complied with the requirements for withdrawing from representation, we will examine the record and make an independent determination of whether Gary's appeal is, in fact, wholly frivolous.

In the ***Anders*** brief, Attorney Wismer challenges the discretionary aspects of Gary's sentence, from which there is no automatic right to appeal.

*See Commonwealth v. Sunealitis*, 153 A.3d 414, 420 (Pa. Super. 2016). Rather, when an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. *See Commonwealth v. Yanoff*, 690 A.2d 260, 267 (Pa. Super. 1997); *see also Commonwealth v. Tuladziecki*, 522 A.2d 17, 18 (Pa. 1987). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Gary filed a timely notice of appeal, properly preserved his claim in his post-sentence motion, and Attorney Wismer included a Rule 2119(f) statement in the *Anders* brief. Consequently, we will determine whether Gary has raised a substantial question for our review.

Gary argues that the trial court abused its discretion in imposing an excessively harsh, consecutive sentence. *See Anders* Brief, at 12. Additionally, Gary contends that the trial court abused its discretion by imposing his sentence consecutively to his judgments of sentence at Nos. 7529-2017 and 1201-2018. *See id.*

These claims do not raise substantial questions for our review. *See Moury*, 992 A.2d at 171-72 ("The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment."); *Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013) (bald claim of excessiveness due to consecutive sentence does not raise substantial question).

Nevertheless, we independently review the record to determine whether there may be arguably meritorious issues that counsel, intentionally or not, missed or misstated. *See Dempster*, *supra*. Our review of the record reveals that, at sentencing, the trial court considered seven letters in support of Gary. *See* N.T. Sentencing, 3/23/23, at 4-5. The trial court also heard statements from Nikia Thomas, Gary's mother, and Maxine Pam. *Id.* at 5. Pam and Thomas explained that they were there to support Gary and that he was a "good kid" who had "made mistakes." *Id.* The trial court further considered that Gary is a father. *See id.* at 14. The trial court also heard statements from Vaughn's family members and Gary's probation officer. Additionally, the trial court considered Gary's prior record score, and the PSI. *See id.* at 4; *see Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988) (where sentencing court considered PSI, this Court presumes that it "[is] aware of relevant information regarding the defendant's character and

weighed those considerations along with mitigating statutory factors."). Accordingly, we conclude that Gary's claim lacks merit.

Finally, our independent review of the record discloses no other "arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Dempster**, 187 A.3d at 272. As such, we grant Attorney Wismer's application to withdraw, and affirm the judgment of sentence.

Judgment of sentence affirmed. Application to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/26/2024